H. J. LOCHAUSEN v. C. E. LAUGHTER.          •
No. 327.

**1. Erroneous Charge on Limitation.**—"Limitation of ten years is created by acts of possession, and not by the declaration of the parties. If the acts of Laughter and wife, of adverse possession for ten years, were of such a character as to give all parties notice of the adverse claim of defendant and her husband, declarations made by defendant or her husband, made to others than the plaintiff, create no estoppel."

**2. Limitation — Executory Contract.** — The agreement to exchange lands was executory, and time was not of the essence of it. If Laughter did not claim adversely, then no question of limitation arises. The agreement to exchange could not be arbitrarily rescinded, but it is for the jury to consider whether it had been abandoned.

**3. Estoppel.**—The question of estoppel held to arise, upon evidence given by one of the antecedent vendors, that he had purchased the land upon the representations of defendant's deceased husband, that the land belonged to witness' vendor.

ERROR from Jackson.    Tried below before Hon. W. H. BURKHART.

*J. D. Owen*, for plaintiff in error. —1. Where one who is in possession of land represents to another that he does not own it, but that he is simply a tenant or agent of the true owner, giving the name of such owner, and the party to whom such representations are made, upon the faith of such representations, purchases the land from him who is represented to be the owner, the party making such representations will be estopped from afterwards claiming to own the land as against such purchaser or his vendee.   Scoby v. Sweatt, 28 Texas, 713; Mayer v. Ramsey, 48 Texas, 371; Harrison v. Boring, 44 Texas, 256.

2. The declarations of a person in possession of land should be considered in determining whether or not his possession is adverse to the owner. Wells v. Fairbanks, 5 Texas, 582; 2 Stark. on Ev., 17.

3. A person who goes into possession of land under a contract with the owner, the terms of which are, that he shall convey to such owner other land, before he is entitled to the ownership of the land of which he is given possession, can not claim to hold adversely to such owner without surrendering the possession thus acquired, or without giving notice of the repudiation of the contract and possession under it.   Clark v. Adams, 80 Texas, 674; Lander v. Rounsavale, 12 Texas, 195; Browning v. Estes, 3 Texas, 462; Keys v. Mason. 44 Texas, 140.

4. Where one purchases land and fails to comply with the terms of the purchase, the seller has the right to rescind the sale and sell the land to another.    Haldeman v. Chambers, 19 Texas, 1; Kennedy v. Embry, 72 Texas, 387; Thompson v. Westbrook, 56 Texas, 265.

5. An offer made by a party in default, under a contract for the con-

veyance of land, to comply with the terms of said contract more than ten years after said contract was made, and five years after the other party has rescinded the contract, and sold the land to another, comes too late, notwithstanding there was no time specified in the contract at which it was to be performed.   Kennedy v. Embry, 72 Texas, 387.

*A. B. Peticolas*, for defendant in error.—1.   Plaintiff in a suit of trespass to try title must recover upon the strength of his own title, and not upon the weakness or want of title of his adversary; and when the evidence in the case shows affirmatively that the plaintiff has no title upon which his suit can be maintained, the court will not inquire further into the case; nor will it investigate alleged errors in the charge affecting the title of the defendant alone, but, where the verdict was for the defendant, will affirm the case.   Hooper v. Hall, 35 Texas, 83; 5 Texas, 260; 35 Texas, 539.

2.   The charges given and refused were properly given and refused, in view of the whole charge and the whole of the evidence in the case.

3.   When an estoppel is sought to be proved by the declarations of one since dead, and the alleged declarations are in conflict with all the acts of the dead man in reference to the land to which title is sought to be established by estoppel, and the declarations claimed to operate as an estoppel are in conflict with other declarations of exclusive ownership made by the deceased for a series of years, and up to his death, during which time he had the exclusive ownership of the land, and such estoppel is sought to be established against the widow of the dead man, who is in possession of it as a part of her homestead, and is not shown to have been present when the alleged declarations were made, nor to have assented to them, no estoppel arises.   Ruhl v. Kaufman & Runge, 65 Texas, 733; Radford v. Lyon, 65 Texas, 473; Bernheim v. Hawkins, 63 Texas, 1; Fitzgerald v. Turner, 43 Texas, 79.

4.   Acts, to amount to an estoppel, must be such as influenced the person pleading it to his prejudice, and caused him to do some act which otherwise he would not have done.   It does not appear that Dowd was influenced by the statements of Laughter to do anything that he otherwise would not have done.   He took a deed which did not include the land sued for.   He collected no rent from Laughter during all the time he owned the adjoining tract.   He allowed Laughter to cultivate and use it, and made no claim to it, and then sold the same land he bought, and by the same field notes; and there is no evidence that he ever told Lachausen that this land was included in his purchase.   See particularly the facts in these cases, in all of which they were held insufficient to create an estoppel:   McDow v. Rabb, 56 Texas, 155; Peters v. Clements, 52 Texas, 143; Bridges v. Johnson, 69 Texas, 715.

5.   When an exchange of land is made between two persons, and each

has taken possession of the land he was to get in the exchange, and has kept the possession so acquired for ten years, the exchange can not be annulled and rescission forced by law, although an exchange of deeds was also contemplated.   A suit for rescission, like a suit for specific performance, is barred in ten years.   Rev. Stats., art. 3209; Taylor v. Campbell, 58 Texas, 315; Walker v. Emerson, 28 Texas, 707; Rivers v. Washington, 34 Texas, 275.

6. A mistake in a deed is not corrected after ten years; sometimes not after two.   Rowe v. Horton, 65 Texas, 23; Smith v. Fly, 24 Texas, 345; Kilman v. Baker, 50 Texas, 636.

GARRETT, CHIEF JUSTICE.—This is an action of trespass to try title to recover 4 acres of land in Jackson County, a part of the William Alley grant, and known as the Cook Sugar Mill tract.   Both parties deraign title from Caroline A. Cook, as common source; the plaintiff, Lochausen, through a deed from Mrs. Cook and her children, the heirs of her husband, John F. Cook, deceased, and the defendant, C. E. Laughter, as the surviving wife of G. H. Laughter, deceased, through an agreement for an exchange of lands, entered into between her husband and said Caroline A. Cook and her husband, John F. Cook.   The defendant also pleaded the statute of limitations.

The evidence showed, that G. H. Laughter took possession of the land under said agreement in 1879, and enclosed and put the same in cultivation, and continued in possession thereof until his death, in 1887, and that since then the defendant, his surviving wife, has had possession thereof, and was in possession when this suit was brought, October 14, 1890.   Upon the question of limitation several witnesses testified as to statements made to them and in their presence by Laughter in his lifetime, recognizing the title of Mrs. Cook to the land, and that there had been an agreement to exchange lands, but that it had never been carried into effect.

The court submitted the case to the jury upon the question of limitation alone, and charged them, at the request of defendant:   " Limitation of ten years is created by acts of possession, and not by declarations of the parties.   If the acts of Laughter and wife of adverse possession continuously for ten years, were of such a character as to give all parties notice of the adverse claim of defendant and her husband, declarations made by defendant or her husband, made to others than the plaintiff, create no estoppel."

Plaintiff requested an instruction, that the declarations of a person in possession of lands should be considered by the jury in determining whether or not his possession is adverse to the owner.

The charge of the court was erroneous, and for the error the judgment of the court below must be reversed.

As the case will be remanded for another trial, we will indicate our views as to the issues upon which it should be tried. We do not think that the question of limitation arises in the case; the contract was an executory agreement for the exchange of lands, and the defendant's husband did not claim adversely to this agreement. Laughter being in possession of the land, and the nature of the agreement being to exchange land, we do not think that Mrs. Cook could arbitrarily rescind the contract, time not being of the essence thereof; but it is for the jury to consider whether or not she was not warranted by the conduct of Laughter in the conclusion that he had abandoned it. We are further of the opinion, that the question of estoppel arises upon the evidence of Dowd, that he bought upon the representations of Laughter, that the land belonged to Mrs. Cook, and that an exchange had been agreed on but never made. The fact that the land was occupied by Laughter and his wife as a homestead would not prevent Laughter's statements from binding his wife, because they were made with respect to the acquisition of the land and arrangements made for obtaining the title thereto.

For the error indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 26, 1893.