[S. F. No. 278.    Department One.—April 11, 1896.]

## MARIA M. ROSE, RESPONDENT, v. MANUEL M. ROSE, APPELLANT.

DIVORCE—HABITUAL INTEMPERANCE—PLEADING—WAIVER OF GROUND FOR SPECIAL DEMURRER.—A complaint for a divorce upon the ground of habitual intemperance of the defendant, which states a cause of action, cannot be held bad on the ground of uncertainty, where no special demurrer was interposed to the complaint upon that ground.

ID.—FINDING—CONFLICTING EVIDENCE—APPEAL.—A finding that the defendant was habitually intoxicated will not be disturbed upon appeal, where there is a substantial conflict in the evidence, and there is some evidence tending to sustain the finding.

ID.—EXTREME CRUELTY — EVIDENCE — DECLARATIONS—CONVERSATION OF PARTIES.—In an action for divorce upon the ground of extreme cruelty, brought by the wife against the husband, the declarations of the wife, made in the presence of her husband and of a witness, as to acts of ill-treatment and cruelty toward her by her husband, and his conduct and declarations in response thereto, are proper evidence on the issue of cruelty.

ID.—DISPOSITION OF COMMUNITY PROPERTY—EVIDENCE—OFFER OF COMPROMISE—ADMISSION OF CHARACTER OF PROPERTY.—Upon the issue as to the character of the property to be disposed of by the court, in an action by the wife for divorce on the grounds of the extreme cruelty and habitual intemperance of the husband, a paper signed by the husband, in which he offered to divide the property, and described it as commu-

nity property, is admissible in evidence against him as a declaration or admission of its community character, though the offer was made by way of compromise, the declaration not being essential to the purpose of the compromise, or to be regarded as a concession made for that purpose, but being the statement of an independent fact.

ID.—DIVORCE FOR EXTREME CRUELTY—EQUITY OF DIVISION OF PROPERTY—DISCRETION OF SUPERIOR COURT.—The discretion of the superior court in disposing of the community property, where a divorce is granted for the extreme cruelty of the husband, will not be interfered with upon appeal, where there is no palpable abuse of discretion, though the disposition may seem somewhat harsh and inequitable, if the discretion rested primarily with the appellate court.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. GREENE, Judge.

The facts are stated in the opinion of the court.

*E. M. Gibson,* and *Welles Whitmore,* for Appellant.

The statement in the complaint of the cause of action for intemperance is insufficient. (Civ. Code, sec. 106; *Chipman* v. *Emeric,* 5 Cal. 51; 63 Am. Dec. 80; *Dickinson* v. *Maguire,* 9 Cal. 51; *Collins* v. *Townsend,* 58 Cal. 608; *Hays* v. *Steiger,* 76 Cal. 556; *People* v. *Wong Wang,* 92 Cal. 281.) A divorce case being an equity case, the court should, notwithstanding the defendant's failure to plead a cause of action against plaintiff under section 122 of the Civil Code, have considered her bad conduct, and divided the property according to the true principles of equity. (*Lyons* v. *Lyons,* 18 Cal. 449; *Sharon* v. *Sharon,* 67 Cal. 185; *Wadsworth* v. *Wadsworth,* 81 Cal. 187; 15 Am. St. Rep. 38; 1 Pomeroy's Equity Jurisprudence, secs. 363, 385, 388, 397, 398, pp. 96, 155; *Conant* v. *Conant,* 10 Cal. 255; 70 Am. Dec. 717.)

*Dodge & Fry,* for Respondent.

The statement of the cause of action for intemperance is sufficient. (*Forney* v. *Forney,* 80 Cal. 528; *In re James,* 99 Cal. 374; 37 Am. St. Rep. 60; *Reading* v. *Reading,* 96 Cal. 4.) In the absence of demurrer, a complaint is good, unless there is an entire want of essential

averment. (*Lee* v. *Figg*, 37 Cal. 328; 99 Am. Dec. 271;
*Himmelmann* v. *Spanagel*, 39 Cal. 401; *Hill* v. *Haskin*, 51
Cal. 177; *Chase* v. *Evoy*, 58 Cal. 348; *Wedel* v. *Herman*, 59
Cal. 507.) The declarations of the wife, made to and in
the presence of her husband, as to acts of cruelty toward
her by her husband and his conduct at the time, are ad-
missible in evidence. (1 Rice on Evidence, 424.) The
paper signed by defendant, in which he offered to divide
the property, and describing it as community property,
was properly admitted in evidence to show the declara-
tion of defendant that the property was community prop-
erty, even though the offer was intended as an offer of
compromise. (Civ. Code, sec. 164; *Jordan* v. *Fay*, 98 Cal.
264; 1 Rice on Evidence, 435, 474; *Bartlett* v. *Tarbox*, 1
Abb. App. Dec. 120; *Hartford Bridge Co.* v. *Granger*, 4
Conn. 142; *Waldridge* v. *Kennison*, 1 Esp. 143; *Doon* v.
*Ravey*, 49 Vt. 293; *Laurence* v. *Hopkins*, 13 Johns. 288;
*Taylor* v. *Jones*, 2 Camp. 106.)

VAN FLEET, J.—Action for divorce on the ground of
extreme cruelty and habitual intemperance.

The decree was in favor of plaintiff, granting her a
divorce on both grounds, and awarding her the larger
share of the community property. Defendant appeals
from the judgment and an order denying him a new
trial.

A careful review of the record discloses no substantial
merit in the points urged in behalf of appellant.

The objection that the complaint is insufficient in its
statement of the cause of action for intemperance is
untenable. Assuming that it would be obnoxious to a
special demurrer on the ground of uncertainty, no de-
murrer was interposed, and, in its absence, the pleading
cannot be held bad. (*Reading* v. *Reading*, 96 Cal. 4.)

Nor is there any merit whatsoever in the point that
the finding as to the habitual intoxication of defendant
is unsupported by the evidence. Whatever may be said
as to the apparent preponderance of the evidence on
that issue, as disclosed by the record, it presents a very

sharp and substantial conflict, and leaves no room for the claim that there was not evidence to sustain the view expressed in the finding of the court below.

The declarations of the wife made to and in the presence of her husband and the witness, as to acts of ill-treatment and cruelty toward her by her husband, and the latter's conduct and declarations in response thereto, was proper evidence on the issue of cruelty. (1 Rice on Evidence, 424.)

The court did not err in admitting, on the issue as to the character of the property, the paper signed by defendant, in which he offered to divide the property, and described it as community property. It was admitted solely on the question as to whether the property was community or separate, and for this purpose it was proper as a declaration by the defendant, even conceding that the paper is to be regarded as an offer of compromise. The declaration as to the community character of the property was not essential to the purposes of the compromise, and is, therefore, not to be regarded as a concession made for that purpose. While, therefore, it would not be competent to admit an offer of compromise as such, the declaration therein of facts involved in the controversy which are not mere concessions made for the purpose of such offer, but are statements of independent facts, are admissible against the party making them.

The rule is thus stated by Mr. Rice: "It is never the intention of the law to shut out the truth, but to repel any inference which may arise from a proposition made, not with the design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made because it is a fact, the evidence to prove is competent, whatever motive may have prompted to the declaration. But, if the party admits a particular item in an account, or any other fact, meaning to make the admission as being true, this is good evidence, although the object of the conversation was to compromise an existing controversy." (1 Rice on Evidence, 435.)

The several other rulings on evidence complained of need not be discussed in detail. We have examined them, and are satisfied that they involve no error.

The complaint made as to the inequitable division of the property between the parties would appear, from all the evidence presented, to possess, possibly, some just foundation in fact, if the discretion rested primarily with us, since, to our minds, the defendant would seem to have been treated, perhaps, a little harshly by the court below. But it is a question committed to the justice and discretion of that court, whose opportunity to judge of the equities by reason of seeing and hearing the witnesses is superior to our own, and whose determination of the question we are not at liberty to disturb, except for a palpable abuse, which certainly the record before us does not enable us to declare.

The judgment and order are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.