SANFORD v. JOHN FINNIGAN CO.†
(No. 5294.)

(Court of Civil Appeals of Texas. San Antonio.
June 27, 1914. Rehearing Denied
Oct. 7, 1914.)

1. APPEAL AND ERROR (§ 751*)—EXCEPTIONS—
ASSIGNMENTS OF ERROR.

Where bills of exception with reference to rulings on evidence stated that the evidence was irrelevant and immaterial to any issue in the case, while assignments of error based on such exceptions alleged that the evidence was irrelevant and immaterial, misleading, and confusing, and tended to create prejudice against defendants, the objections reviewed would be confined to those stated in the bills of exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039–3042; Dec. Dig. § 751.*]

2. APPEAL AND ERROR (§ 1050*)—REVIEW—
RULINGS ON EVIDENCE—PREJUDICE.

Where a witness was permitted without objection to describe and swear to the contents of a check, the admission of the check in evidence was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. EVIDENCE (§ 213*) — ADMISSIONS — LETTER
OF ATTORNEY—OFFER OF COMPROMISE.

Prior to suit brought on a note executed by defendant jointly with his brother to cover the latter's defalcation with plaintiff, defendant's attorneys wrote to plaintiff a letter, setting out certain reasons for defendant's unwillingness to pay the note other than the reasons pleaded in defense at the trial. The letter throughout denied liability, but in the last sentence the writers stated that if plaintiff cared to discuss a compromise of the case, they would gladly talk the matter over. Defendant, on the letter being offered in evidence, insisted that it should not be without the last clause, whereupon the court admitted it all. Held, that the letter as a whole was not objectionable as an offer to negotiate a compromise.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

4. TRIAL (§ 85*)—RECEPTION OF EVIDENCE—
OBJECTIONS.

Where only portions of a writing are not proper evidence, an objection to the whole is unsustainable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222, 223–225; Dec. Dig. § 85.*]

5. EVIDENCE (§ 213*)—WRITINGS—OFFER OF
COMPROMISE.

When any fact stated in an offer of compromise can be separated from the offer and still convey the idea in the writer's mind, it is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

6. EVIDENCE (§ 214*)—ADMISSIONS—OFFER OF
COMPROMISE.

In order to exclude distinct admissions of facts on the ground that they are offers of compromise, it must appear that they were expressly made without prejudice, or at least under the faith of a pending treaty, and into which the party might have been led by the confidence of effecting a compromise.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 752; Dec. Dig. § 214.*]

7. BILLS AND NOTES (§ 537*)—ILLEGALITY—
CRIMINAL PROSECUTION.

Evidence held to require submission to the jury as to whether a note sued on had been executed to prevent a criminal prosecution for defalcation against one of the parties.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. § 537.*]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by the John Finnigan Company against John R. Sanford and another. Judgment for plaintiff, and defendant Sanford appeals. Affirmed.

Swearingen & Ward and McFarland & Lewright, all of San Antonio, for appellant. Webb & Goeth, of San Antonio, for appellee.

FLY, C. J. This is a suit on a promissory note for $8,971.12, executed by appellant and W. M. Sanford, Jr., and payable to appellee. It was alleged that W. M. Sanford was absent from the state and insolvent, and therefore he was not sued by appellee. Appellant defended on the ground that the note was sued by appellant to cover amounts embezzled by W. M. Sanford, Jr., under threats that he would be indicted and prosecuted for embezzlement if the note was not given by appellant. The cause was submitted to the jury on special issues. Appellant admitted appellee's cause of action, unless it was defeated by his plea of illegal consideration. Upon the answers of the jury, which found against appellant's defense, judgment was rendered in favor of appellee for $9,505.32. The first five assignments of error complain of the admission in evidence of certain instruments in writing, and could not be sustained even if the admission of the evidence had been erroneous, because appellant testified in detail to every fact that was proved by the instruments. He testified as to the agreement between his brother, W. M. Sanford, and Marbach and others, he testified to the contents of the deeds made to him by W. M. Sanford and wife, and as to the contract with Max Mai. We are of opinion that the instruments were properly admitted, in connection with the testimony of appellant that "I was liquidating his indebtedness while he was to deed all his property to me," as tending to show that appellant was secured by the property, which was conveyed to him partly to cover the debt sued on in this case. W. M. Sanford, Jr., sold all of his property to appellant to secure him for his assumption of the debts of the former, thereby rendering himself insolvent. Whatever effect the threat of prosecution may have had on appellant's liability, it did not affect W. M. Sanford's liability. He signed the note as evidencing a debt due by him for money taken by him from his employer, and when appellant took all his property, to be used in paying his brother's debts, he became liable for those debts, and could be so held under proper pleadings.

[1] In the third, fourth, and fifth assignments of error appellant gives as reasons for

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error pending in Supreme Court.

Tex.) SANFORD v. JOHN FINNIGAN CO. 625

the inadmissibility of the evidence that it was irrelevant and immaterial, and that it was misleading and confusing, and tended to create a prejudice against appellant. In the bills of exception, upon which the assignments of error must rest, the only objection was that the evidence "was irrelevant and immaterial to any issue in this case." The objections will be confined to those set out in the bills of exception. Herndon v. Casiano, 7 Tex. 322; Kimmarle v. Railway, 76 Tex. 692, 12 S. W. 698.

[2] How the admission of the check drawn by appellee through its agent, W. M. Sanford, for $5,000 could have injured appellant is not shown, nor attempted to be shown by appellant. In fact it could not in any way have been prejudicial to appellant. Max Mai, without objection, was permitted to describe and swear to the contents of the check.

[3] The seventh assignment of error complains of the admission in evidence of a certain letter written by the attorneys of appellant, in which they set out reasons for appellant being unwilling to pay off and discharge the note. The letter was written just before this suit was filed. The objections to the letter were that it was irrelevant and immaterial, that it was written "for the purpose, and with the view of opening negotiations between plaintiff and defendant, having for its object a compromise and adjustment of the matters in suit in this case," and that the evidence was prejudicial. The evidence was important, and doubtless had influence on the minds of the jury, in that it tended to show that at the time it was written different reasons for refusal to pay the debt were presented from those given at the trial of the cause. In the letter it was stated that appellant would not pay the note because appellee's agent promised, as a consideration for its execution by appellant, that his brother should be retained in the service of appellee, and have his salary increased, while appellant swore that his reason for not paying the note was that it had been executed to prevent the threatened prosecution of his brother for embezzlement. Its undoubted force and effect on the verdict being conceded, the question of the admissibility of the letter in evidence becomes of vital importance. It is not contended by appellee that the whole of the letter was admissible, but that parts of it were, and it is contended that where a portion of a letter is proper testimony and the objection is made to the whole document, it is properly admitted in evidence. As before indicated, the most of the letter was taken up in stating certain facts upon which appellant based his refusal to pay the debt. There was nothing in the letter that indicated that a compromise would be acceptable until the last sentence was reached, in which was said:

"If, however, your people care to discuss a compromise of the case, we will gladly talk the matter over with you or your representative."

The tone of the letter, except that last sentence, was belligerent and aggressive, and the offer of a compromise was a complete non sequitur to what had been written theretofore. In the line immediately preceding the offer to "talk over" the matter the letter stated:

"Feeling as he does, Mr. Sanford will resist payment of the note and we will represent him in the event a suit is brought upon the note."

The letter was a declaration of war, followed by a request for an armistice. Without the last sentence the letter would undoubtedly have been admissible over the objections urged to it by appellant, and appellee offered to eliminate that sentence, but appellant objected to its elimination, and insisted that if any part of the letter was admitted, the whole should go to the jury. Appellant is directly responsible for the objectionable sentence being placed in evidence, and if the other portions of the letter were admissible, he is in no position to complain of the admission of the objectionable sentence. But for his action, the jury would not have learned that there had been an offer to negotiate a compromise. There were no concessions made in the letter and no admissions, but on the other hand the letter contained nothing but charges of bad faith upon the part of appellee's agent, which if true showed the allegations of the answer to be false, and that appellant had shifted his plan of defense. If the letter stated facts it was admissible, no matter what motive may have prompted the declaration. Rice on Ev. p. 435; White v. Old Dom. Steamship Co., 102 N. Y. 660, 6 N. E. 289; Rose v. Rose, 112 Cal. 341, 44 Pac. 658.

Offers of compromise are of the nature of admissions and thereby to purchase peace, but in the letter in question no fact was admitted that could work to the detriment of appellant, but matters of defense were stated that had no connection with or pertinency to the offer to consider a compromise made in the last sentence. There was no offer to compromise proved by appellee, but all about the compromise went before the jury at the instance and request of appellant. There is nothing in the letter that indicates that the statements therein would not have been made except to bring about a compromise. It was merely a recitation of facts that appellant deemed sufficient to justify him in refusing to pay a promissory note executed by him, not as a surety, as is stated in the brief, but as a joint principal with his brother, who afterwards made over to him all the property owned by the former to secure this debt as well as others. The sentence which ends the letter does not contain an offer of compromise, but is merely an intimation that if appellee would make an offer of compromise, "we will gladly talk the matter over with you or your representative." There was not only no offer of compromise, but nothing in

connection with a compromise was pending, and the matters stated in the letter were grounds of defense which doubtless would have been stated had the last line of the letter been omitted.

[4] We conclude that all of the letter was properly admissible except perhaps that portion of it mentioning a compromise, and appellant did not ask to have that portion excluded, but on the other hand insisted that it should be given to the jury. Where only portions of a writing are not proper evidence, an objection to the whole will not be sustained. The letter was objected to as a whole, and appellant insisted that the only part to which there could be objection should be admitted. Railway v. Gormley, 91 Tex. 401, 43 S. W. 877, 66 Am. St. Rep. 894; Campbell v. Supply Co. (Civ. App.) 133 S. W. 750; Hutcheson v. Massie (Civ. App.) 159 S. W. 315.

[5] It is the rule that when any fact stated in an offer of compromise can be separated from the offer and still convey the idea in the writer's mind, it is admissible in evidence. Railway v. Ragsdale, 67 Tex. 24, 2 S. W. 515. In the letter in question there was no connection whatever between the last sentence and the other portions of it. The letter was more intelligible and more consistent without the last sentence.

Appellant swore that he did not authorize his attorneys to make an offer of compromise, and if it be true that they had no authority to write the letter, then it was no offer of compromise, and the objection to it on the ground that it was such offer was not well taken, if the rule stated by Chamberlayne in his work on Evidence, § 1462, be correct. He says:

"Where no negotiations are pending because they have been broken off or abandoned, and the discussion is being held about something else, the statement can only be taken to have been made because it is believed to be true, and is therefore receivable as an admission. Where the person by whom or to whom the offer is made is evidently one who has no authority to adjust the matter in dispute between the parties, the same result follows."

The rule is sustained by some authority. Moore v. Gaus, 113 Mo. 98, 20 S. W. 975. The letter was not objected to on the ground that it was written without authority.

[6] The rule as to offers of compromise is tersely stated by Greenleaf in his work on Evidence, § 192:

"That confidential overtures of pacification and any other offers or propositions between litigating parties, expressly stated to be made without prejudice, are excluded on grounds of public policy. But in order to exclude distinct admissions of facts, it must appear that they were expressly made without prejudice, or, at least, that they were made under the faith of a pending treaty, and into which the party might have been led by the confidence of a compromise taking place."

In the letter there was no admission of any fact on account of any offer of compromise, but merely reasons given for a refusal to pay off the note.

It was, perhaps, the duty of the court to construe the letter and not leave the question of the intent of the letter to the jury, but it may be well, in justice to the trial judge, to say that there is some authority for his action in submitting the matter to the jury for their determination. Chamberlayne Ev. § 1454. That author says:

"Should it appear doubtful as to whether a certain statement or offer is, on the one hand, a compromise offer or, on the other, an admission of the existence of an independent fact, the presiding judge is justified in leaving the whole matter to the jury under appropriate instructions."

If it was error to submit the matter to the jury, it could not have damaged appellant.

[7] The ninth assignment of error is overruled. There was evidence to the effect that the note was not given to shield W. M. Sanford from prosecution. Gallagher swore that appellant came to see him and told him about the amount his brother had misappropriated, and offered to pay a part of it in cash and give a note for the balance, that Mack had property, and that he was going to take it, "and work it out." He said further:

"At the time the note was signed absolutely nothing was said in regard to criminal prosecution."

He also stated:

"I heard the testimony of John R. Sanford relative to there being a criminal prosecution if the shortage in accounts was not settled quickly. No such conversation ever occurred between myself and John R. Sanford at any time."

Appellant swore to matters in direct conflict with the testimony quoted which made an issue for the jury, to which they answered that the note was not signed because of threats to prosecute W. M. Sanford, Jr.

The judgment is affirmed.