BISHOP et al. v. PAUL et al. (No. 1019.)

(Court of Civil Appeals of Texas. El Paso. Dec. 18, 1919. Rehearing Denied Jan. 15, 1920.)

1. APPEAL AND ERROR ⟨⟩1069(1)—LAUGHTER OF JURY TO OBJECTION MADE TO ARGUMENT NOT CAUSE FOR REVERSAL IN ABSENCE OF PREJUDICE.

That the jury laughed at counsel's objection to argument when the court was absent *held* not to necessitate reversal, in the absence of a showing of prejudice, or that the opposite party or his attorney were responsible for such laughter.

2. APPEAL AND ERROR ⟨⟩237(1)—INTERVENTION FOR PURPOSE OF EVADING RULE NOT GROUND FOR REVERSAL WHERE NO REQUEST WAS MADE TO PUT INTERVENER UNDER THE RULE.

In trespass to try title, that the former owner of the land on his own initiative was made a party defendant, as being the warrantor of one of the defendants, even if done so that he might remain in the courtroom during the trial, was not apparently prejudicial, in the absence of any showing that any request was made that the former owner be placed under the rule with other witnesses.

3. TRIAL ⟨⟩133(6)—ARGUMENT OF COUNSEL NOT GROUND FOR REVERSAL IN VIEW OF INSTRUCTION NOT TO CONSIDER.

In trespass to try title, wherein a former owner had intervened, a statement of counsel in argument that he had made himself a party to protect his warranty *held* not reversible error in view of instructions not to consider it.

4. EVIDENCE ⟨⟩273(2)—DECLARATIONS AS TO NATURE OF POSSESSION ADMISSIBLE IN TRESPASS TO TRY TITLE.

Declarations, made while in possession, to others than the owner, are admissible in trespass to try title to determine whether such possession was adverse to the owner.

**5. ADVERSE POSSESSION ⊙⊐95—EVIDENCE AS TO PAYMENT OF TAXES BY FORMER OWNER ADMISSIBLE.**

In trespass to try title, wherein a former owner had intervened, it was not error to permit proof that he had rendered the property and paid taxes, thereby showing that he was claiming against all parties.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Trespass to try title by Clark Bishop and others against George Paul and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

M. W. Stanton, of El Paso, for appellants. Leigh Clark, M. M. Winningham, and R. W. McConnell, all of El Paso, for appellees.

HARPER, C. J. This is an action in trespass to try title to certain lots in El Paso, Tex., filed by Clark Bishop and others, against George Paul.

Clark Bishop died after suit was filed, and the administrator of his estate was made party in his stead. Upon application of Daniel Gestean, he was made party defendant because he and wife had conveyed the property to defendant Paul with warranty.

Defendants pleaded general denial, not guilty, and the statute of ten years' limitation.

Submitted to a jury upon special issues and upon the answers thereto, judgment was rendered for defendant Paul, and that nothing be herein recovered by or against the said Gestean, etc., from which this appeal is perfected.

The first assignment is that—

"The findings of the jury upon each and every special issue submitted are against the overwhelming weight and preponderance of the evidence, in this: (a) It was shown by many witnesses * * * that Gestean and wife were not in possession of the premises the required ten years necessary to perfect title by limitations; * * * (b) same; (c) because it was shown by the evidence taken upon the trial of Bishop v. Gestean and Wife, cause No. 8778, and in cause No. 6351, Gestean and Wife v. Morales, that Gestean, Paul, and Davis were successfully impeached by contradictory statements made by them in those cases; (d) the verdict should be set aside because the jury failed to consider the evidence, and in any event failed to properly and legally determine the issues by a solemn and careful consideration thereof; (e) because the trial court judicially knows that the jury were guilty of levity and improper conduct by laughing, etc.; (f) because the jury were guilty of misconduct by talking—apparently discussing the issues while in the jury box and during the introduction of the evidence."

We respectfully refer counsel to rule 29 of this court (142 S. W. x), and specially call his attention to the following portion thereof:

"Each ground of error being separately presented."

However, by this and the second assignment it is clearly urged that the findings of the jury are so contrary to and against the overwhelming weight and preponderance of the evidence as to indicate that the jury were controlled by improper motives, and for that reason the cause should be reversed and remanded for a new trial. After a careful reading and analysis of the statement of facts, it is concluded that such holding by us could not be justified.

The seventh in effect is that—

"Error was committed during the trial of the cause * * * in this: During the argument counsel for defendant stated that plaintiffs had not improved their property, to which argument plaintiff's attorney objected because such argument was wholly unwarranted by the testimony, and, the judge of the court being absent from the court room, the jury laughed aloud at the objections of plaintiff. Defendant continued his argument, to which plaintiffs objected for the reasons stated, followed by further laughter and misconduct on the part of the jury, and afterwards, when the judge returned to the courtroom, plaintiff renewed his objection, * * * and the court thereupon directed the jury that said argument was improper. Such instructions did not cure the said error, and plaintiff reserved his exceptions to said argument and transactions, absence of the court and misconduct of the jury."

Again, this assignment covers two distinct specifications of error—argument of counsel and absence of judge. The record shows that one of the counsel for plaintiff agreed to the temporary absence of the judge, and it appears that upon his return the jury were properly instructed not to consider argument of counsel.

[1] The sixth assignment of error attacks action of the jury indicated above as reversible. There is nothing in the record to show that defendant or his counsel were responsible for the laughter of the jury, nor is there anything to indicate that it was prejudicial to the plaintiff. The mere fact that the jury laughed because counsel for plaintiff was appealing to an absent court does not indicate that the personnel thereof were biased, prejudiced, or improperly influenced by the circumstance, or that they had theretofore conceived such. We, of course, realize that appellant is urging all of these things as a combination of circumstances which, taken as a whole, indicate that a new trial should here be granted, and we think that if it were indicated by any bill of exceptions, or possibly by the record as a whole, that counsel for defendant were responsible for the acts of the jury, and that such acts indicated that the jury had not seriously and properly considered the evidence before them in the light of the court's charge, the case should be

---

⊙⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

reversed notwithstanding the questions are not raised by technical compliance with the rules adopted for the presentation of assignments of error in the appellate courts; but there was but one question to be determined, viz., had defendant Paul and his grantors had such continuous peaceable and adverse possession of the lots for a period of ten years as under the law ripened into title, and, as indicated by the answer to the first assignment having concluded that there is ample evidence to support such plea, we cannot see our way clear to reverse unless by a reasonably strict compliance with the rules the appellant has shown himself clearly entitled to it upon the hypothesis that justice has probably not been done, and we cannot hold that the record before us so indicates.

By the fourth and fifth, it is urged that the special issues submitted permitted the jury to find for defendant, though the lots were not actually inclosed by fence. If the charge is subject to the criticism, all of the defendant's evidence is directed to the fact that it was so inclosed and plaintiff's testimony directed to disproving the fact of inclosure, so it would be difficult to see how the jury could have decided the issue upon the theory of use or occupancy without inclosure.

It was not error to refuse peremptory charge to find for plaintiff. Assignment 22. 20, 21, 23, 24, 25, 26, and 27 urge error in refusing special charges requested by plaintiff. The questions suggested were properly presented in the issues submitted in the main charge.

Daniel Gestean was permitted to intervene in the suit as defendant Paul's grantor and warrantor. No affirmative relief was asked by any party to the suit against him. Appellant moved the court to dismiss him from the suit, which was refused. By the ninth assignment this refusal is assigned as error and the assignment submitted as a proposition; but it is urged that he was made a party in order that he might remain in the courtroom, and this seems to be the only point made.

There is nothing in the record to show this to be a fact, nor does the record show that any request was made that Gestean be placed under the rule with other witnesses.

[2] We cannot see how the act of Gestean upon his own initiative, in making himself a party defendant, could prejudice the plaintiff, and he suggests nothing except that it permitted him to remain in the courtroom.

[3] The statement of counsel in argument that Gestean make himself a party to protect his warranty complained of in the eighth assignment presents no reversible error. The court promptly instructed the jury not to consider it, "as there was no issue made between the parties as to Gestean."

[4] The tenth urges that it was error to permit witness to testify to declarations of Gestean that he owned the property. Declarations made while in possession to others than the owner are admissible in determining whether such possession is adverse to the owner. Lochausen v. Laughter, 4 Tex. Civ. App. 291, 23 S. W. 513.

By the same assignment it is urged that it was error to permit the same witness to testify to conversations with Gestean about building houses upon the premises, because the dates of such conversations were not fixed. The reasons for the objections apply to the weight of the evidence rather than to its admissibility.

[5] It was not error to permit proof that Gestean had rendered the property and paid taxes. It was evidence that he was claiming against all parties.

By the twelfth, thirteenth, and fourteenth, it is urged that it was error to admit testimony of possession after the 25th day of May, 1907, because upon that date Daniel Gestean intervened in suit of Bishop v. Winn, and this stopped the running of the statute. The record discloses that prior to this suit against Gestean he had conveyed the property in controversy to his wife, and they in turn, before Gestean became a party to said suit, conveyed the premises in controversy to defendant Paul. So Gestean's possession after the latter conveyance was the possession of Paul, and limitations would run to the filing of this suit, July 6, 1911. But we note that the jury found that ten-year limitation had run prior to the time Gestean became a party to the suit of Bishop v. Winn.

There are many other assignments and propositions, not mentioned specifically, which have been carefully considered, and we are of the opinion that there is no reversible error presented by the brief; so all are overruled, and the case affirmed.