[Civ. No. 3688.  Second Appellate District, Division Two.—April 19, 1922.]

GRACE M. SCHOLES, Respondent, v. F. D. SILVIUS, Appellant.

[1] QUIETING TITLE—FRACTIONAL INTEREST CLAIMED—EVIDENCE—LETTER BY PLAINTIFF'S COUNSEL TO DEFENDANT—DECLARATION AGAINST INTEREST.—In an action to establish a trust in a parcel of real property and to quiet title to an undivided one-half interest in it, a letter identified by the plaintiff as written by her counsel to defendant under her express direction under such circumstances that it was plaintiff's utterance and not merely that of her counsel, and in which it was asserted that plaintiff had a one-quarter interest in the property in question, is admissible, on behalf of the defendant, as a declaration against interest.

[2] ID. — AUTHORITY OF COUNSEL — WAIVER OF OBJECTION.—The fact that such letter was written by plaintiff's counsel and not by plaintiff herself will not, on appeal, justify a ruling by the trial court refusing to receive it in evidence, where that point was not raised in the trial court, the only objection to the letter being that it was an offer of compromise.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles S. Burnell, Judge.  Reversed.

The facts are stated in the opinion of the court.

Hocker & Austin and James F. McBryde for Appellant.

Leon R. Yankwich and Edward H. Allen for Respondent.

WORKS, J.—This is an action to establish a trust in a parcel of real property and to quiet title to an undivided one-half interest in it. The complaint alleges that upon certain considerations the parties had agreed to take title to the property, that defendant took title thereto in his own name in severalty and that he refused to convey to plaintiff her one-half interest. Plaintiff had judgment and defendant appeals.

[1] It is contended by appellant that the trial court erred in refusing to receive a certain letter in evidence. The missive was written by respondent's counsel to appellant and it was offered upon the theory that it contained an admission that respondent was entitled to but a one-fourth interest in the property, the objection to its reception in evidence being that it was but an offer of compromise. The body of the letter follows:

"Mrs. Grace Scholes of this city has retained me to protect her interests regarding the property located at 3026 South Hoover street in this city in which she has a one-fourth interest as a result of the agreement entered into between you and Mrs. Scholes at the time the property was purchased.

"A search of the records in the County Recorder's office made this morning, discloses the fact that no transfer of this property has been made and unless I receive a written assurance from you by return mail that you intend to live up to your agreement to the extent that she may be allowed to occupy the property at least until such time as the sum of $325.00, shall have been applied as rent at the rate of $25.00, per month, for the apartment, I am instructed to file an action to have her declared an owner in said property to the extent of one-fourth interest.

"The sum of $325.00 is arrived at by using the sum of $3500.00 as the actual value of the property. Mrs. Scholes is willing to settle the whole matter on the above basis; that is, that she be allowed to occupy the premises on the basis of $25.00 per month rent so long as any part of the said sum of $325.00, still remains due her; otherwise we will commence suit for an interest in the property."

It should be observed in explanation of this letter that the mention of the figures contained in it and the offer of

appellant to accept an occupancy of the premises in settle-
ment of her claim to an interest in the property all arose
from certain negotiations which, according to the testimony
of appellant, had preceded the final agreement to acquire
the place.  It is strikingly apparent from a perusal of
the letter that it is burdened with the admission that respond-
ent's interest in the property was but a one-fourth interest.
The only question to be considered is whether the admis-
sion is one which may be termed an independent admission.
Whether it is so appears to us to be settled by *Rose* v.
*Rose*, 112 Cal. 341 [44 Pac. 658].  The exact nature of
the paper which was received in evidence in that case is
not disclosed by the opinion of the supreme court, but we
have examined the record on appeal in the litigation and
have ascertained its contents.  The case was a divorce case
and one of the questions for determination was whether
certain property was the community estate of the parties.
The paper mentioned was signed by the husband.  It
opened with the assertion, ''I and Maria M. Rose are
husband wife [*sic*], and are owners of the following com-
munity property, and which constitutes all the property
that I have or own in my own name or otherwise.''  There
was next a statement that the two could not longer live
happily as man and wife, followed by an offer to divide
all the property, describing it, equally with the wife.  In
disposing of the question as to the admissibility of the paper
the supreme court said:

''The court did not err in admitting, on the issue as to
the character of the property, the paper signed by defend-
ant, in which he offered to divide the property, and de-
scribed it as community property.  It was admitted solely
on the question as to whether the property was community
or separate, and for this purpose it was proper as a declara-
tion by the defendant, even conceding that the paper is to
be regarded as an offer of compromise.  The declaration
as to the community character of the property was not
essential to the purpose of the compromise, and is, there-
fore, not to be regarded as a concession made for that pur-
pose.  While, therefore, it would not be competent to admit
an offer of compromise as such, the declaration therein of
facts involved in the controversy which are not mere con-
cessions made for the purpose of such offer, but are state-

ments of independent facts, are admissible against the party making them.

"The rule is thus stated by Mr. Rice: 'It is never the intention of the law to shut out the truth, but to repel any inference which may arise from a proposition made, not with the design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made because it is a fact, the evidence to prove is competent, whatever motive may have prompted to the declaration. But, if the party admits a particular item in an account or any other fact, meaning to make the admission as being true, this is good evidence, although the object of the conversation was to compromise an existing controversy.' (1 Rice on Evidence, 435.)"

It seems clear that *Rose* v. *Rose* is in point here. In fact, if there is any difference between that case and this it operates against rather than in favor of respondent. The statement of Rose that the property mentioned by him was community property bore a closer relation to his proposition for a division of it than respondent's statement that she had but a one-fourth interest in the property in question here bears to her offer to accept an occupancy of it in lieu of an interest in common in it. We are satisfied that the court erred in excluding the letter.

[2] Respondent contends that the communication was inadmissible because it was written by her counsel and not by herself. There are two conclusive answers to this contention. In the first place, the point was not raised in the trial court, the only objection to the letter being that it was an offer of compromise. Secondly, the letter was identified by respondent herself while under cross-examination and the offer of it was based upon that identification. The testimony on this head was as follows:

"Q. Now, you employed Mr. Allen [her counsel] to adjust this matter for you? A. To adjust this matter, yes, because I thought he [appellant] was trying to 'cheat me out of my property.

"Q. And you explained to Mr. Allen fully all the facts and circumstances of the surrounding case? A. I did.

"Q. And at your suggestion and with your consent Mr. Allen as your agent wrote Mr. Silvius a letter asking a

settlement of the matter? A. He tried to compromise, which failed.

"Q. You authorized the writing of the letter—do you know whether or not this is the letter that he wrote (passing letter to the witness)? A. It is.

"Mr. Austin: We ask that that be received as defendant's exhibit 1. A. (Continuing.) I had this letter written when I thought the property was sold."

It is apparent from this examination that the letter was written under the express direction of respondent and that it was her utterance and not merely that of her counsel.

Judgment reversed and cause remanded for a new trial.

Finlayson, P. J., and Craig, J., concurred.