The motion for rehearing will therefore be overruled.

## WILLIAMS v. MERCHANTS STATE BANK & TRUST CO. et al.

### No. 11724.

Court of Civil Appeals of Texas. San Antonio.

July 25, 1947.

Rehearing Denied Nov. 26, 1947.

Elmore H. Borchers, of Laredo, and Frank R. Williams, of San Antonio, for appellant.

Gordon Gibson, of Laredo, and Kemp, Lewright, Dyer, Wilson & Sorrell and Cecil D. Redford, all of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by Frank R. Williams against Merchants State Bank & Trust Company, E. J. Dryden, Marshall Eskridge, H. B. Zachry, and Union National Bank, to impress a trust on 6,348 acres of land lying and being situated in Jim Hogg and Zapata Counties (known as

the Garza land) and the income therefrom, for termination of the alleged trust and distribution of the alleged trust funds and property.

Merchants State Bank & Trust Company and H. B. Zachry answered by denying the existence of the trust and pleading the illegality of the consideration upon which plaintiff's claimed rights were based, and alternatively alleging a repudiation of the alleged trust, and that plaintiff's cause of action was barred by the two, three, four, five and ten-year statutes of limitation.

Prior to the trial, Union National Bank and Marshall Eskridge were dismissed and the defendant E. J. Dryden filed a disclaimer.

The trial was to a jury and resulted in judgment for Merchants State Bank & Trust Company and H. B. Zachry. From that judgment Frank R. Williams has prosecuted this appeal.

Prior to September 1, 1922, the Merchants State Bank & Trust Company was the owner of the Garza land, subject to a deed of trust lien in favor of A. E. Younkin, securing him in the payment of $26,000.00. Younkin had declared the entire debt due on account of the non-payment of current interest and had caused A. C. Hamilton, trustee under the deed of trust, to advertise said land for sale on September 5, 1922. The bank was very anxious to have the sale postponed in order to enable it to raise the money and protect its equity in the land.

On September 1, 1922, the law firm of Eskridge & Williams, a partnership composed of Marshall Eskridge and Frank R. Williams, sent the following telegram to Merchants State Bank & Trust Company:

"September 1st, 1922.
Merchants State Bank & Trust Company
Laredo, Texas

We propose you transfer Garza land to Marshall Eskridge subject to Younkin lien. We will proceed in the name of Marshall Eskridge and endeavor to postpone sale. If successful we will divide equally with you all money realized through handling land over and above those sums necessary to satisfy Younkin and repay your bank sums advanced with interest. If agreeable wire us acceptance immediately.

(Signed) Eskridge & Williams"

and received the following reply:

"Laredo, Texas
Sept. 1, 1922
Eskridge and Williams
Brady Bldg.,
San Antonio, Texas

Telegram offer on Garza land received. Accept proposition. Will have deed accomplished and forward Saturday.

Merchants State Bank and
Trust Company."

The Garza land was thereafter conveyed to Marshall Eskridge and the trustee's sale enjoined. The bank secured the money and paid the note before another trustee's sale was attempted. It is for services rendered in this connection that the present suit was instituted.

We are of the opinion that appellant's suit was barred by the four-year statute of limitation. Art. 5527, Vernon's Civ. Stats. A suit concerning this matter was filed by Eskridge & Williams against Merchants State Bank & Trust Company on April 28, 1925, in the District Court of Webb County, being cause No. 7230. This cause was dismissed for want of prosecution on October 7, 1935. In that case the plaintiffs had set up the same cause of action here asserted and the defendant had answered on October 19, 1925, denying each and every allegation made by the plaintiffs. In January, 1926, C. B. Neel, an attorney for and director of the bank, advised appellant that the bank was denying his claims in their entirety. In October, 1927, Gordon Gibson, an attorney for the bank, advised appellant's then partner, Marshall Eskridge, that the bank was denying all claims asserted by Eskridge and Williams. In September, 1927, Gordon Gibson wrote Marshall Eskridge and stated in such letter: "If the case goes to trial, the Bank will defend the whole case." The trust was again repudiated by J. H. Zachry in his answers to depositions taken in June, 1931, in another case. Appellant's cause of action is barred by the four-year statute of limitation. Art. 5527, Vernon's Ann.Civ.Stats.

Appellant complains because the court excluded two letters written by Gordon Gibson to Marshall Eskridge, one dated July 28, 1927, and the other, September 29, 1927. These letters were written as an offer of compromise and were properly excluded. International & G. N. R. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515; McCormick and Ray, Texas Law of Evidence, § 498, p. 637; 17 Tex.Jur. § 233, p. 561; Merchants' Cotton Oil Co. v. Acme Gin Co., Tex.Civ.App., 284 S.W. 680; Sanford v. John Finnigan Company, Tex.Civ.App., 169 S.W. 624.

Appellant next complains because a letter from Merchants State Bank & Trust Company to Magnolia Petroleum Company, dated January 15, 1927, was admitted in evidence. We think the letter was properly admitted in evidence as bearing on the question of a repudiation of the trust and also as evidence of an adverse and hostile claim of title under appellee's plea of limitation title. Purdy v. Pruitt, Tex.Civ.App., 112 S.W.2d 808; Bishop v. Paul, Tex.Civ.App., 217 S.W. 435; Carter v. Town of La Grange, 60 Tex. 636.

Appellant makes many points, complaining of the submission of certain issues to the jury, on the one hand, and of the failure of the court to submit specially requested issues made by him, on the other hand. All of these issues relate to whether or not the bank had repudiated the alleged trust and whether or not Eskridge and Williams had notice of such repudiation. We are of the opinion that if any issues were to be submitted to the jury the ones submitted were the proper issues, and that all issues refused were properly refused. We are so impressed with the idea that the bringing of cause No. 7230 was a judicial admission on the part of plaintiff that the trust had been revoked, that we do not feel that any issues were made for the consideration of the jury.

Appellant testified that he asked J. H. Zachry to give his firm a deed to one-half of the Garza land and that he refused, precipitating the bringing of the first suit. The filing of this suit was a judicial admission that the trust had been repudiated.

Olympia Mining & Milling Co. v. Kerns, 24 Idaho 481, 135 P. 255.

It is conceded that if the trust had been repudiated by the bank that the present suit is barred by limitation.

The judgment is affirmed.