BUTLER DAVIS v. THE MISSOURI KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

Delivered November 19, 1897.

**1.  Practice on Appeal—Assignment of Error.**

An appellant will not be confined on appeal to the reasons stated by him in an assignment of error to the giving of a particular instruction, as the only thing required in such assignment is to specify the particular instruction complained of.

**2.  Charge of Court—Several Grounds of Recovery.**

Where the plaintiff in an action for personal injuries sets up several distinct acts of negligence, any one of which, if proved, would entitle him to recover, he is not required to prove them all; and a charge instructing that each and all of them must be proved is error.

**3.  Same—Release.**

An instruction that a release by plaintiff in an action for personal injuries would not affect his right to recover, if such release was for his baggage only, is properly refused where the release states that plaintiff has relinquished all claims for damages for injuries either to his person or property.

**4.  Practice in Trial Court—Jury Taking Out Papers.**

The prohibition of article 1303, Revised Statutes 1895, against the jury taking with them any part of a deposition, is not violated by permitting them to take certain documents the execution of which has been proved by depositions, which documents constitute independent evidence, but had been attached to the interrogatories.

APPEAL from Harris.  Tried below before Hon. S. H. BRASHEAR.

*J. D. Wolverton* and *O. T. Holt,* for appellant.

*Baker, Botts, Baker & Lovett,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant brought this action to recover of appellee damages for personal injuries sustained by him while traveling as a passenger on one of appellee's passenger trains, in a wreck of the train alleged to have resulted from appellee's negligence.  Besides the general allegation of negligence, the petition contained special averments by which the acts of negligence were specified.  They were, in substance, (1) that the defendant's agents and employes negligently operated

the train; (2) that defendant's roadbed was in a dangerous and unsafe condition, in that it was not properly ballasted, and was unsafe and insecure and the cross ties rotten; (3) that the train was negligently operated at a high rate of speed, and (4) that a bridge or culvert upon which the train ran was improperly constructed and unsafe, in that it would not let the water pass under it in ordinary rainfalls.

The evidence upon which appellant relied to show negligence was directed principally to the manner in which the culvert was constructed, and it was sufficient to require the submission of the issue to the jury. There was no evidence, at least very little, to sustain some of the other charges of negligence. The court, at the request of the appellee, gave the following instruction to the jury: "You are charged that the burden is upon the plaintiff to prove each of the material allegations in his petition entitling him to recover, including allegations of injuries to him, and the defendant is not required to disprove any of the allegations in the plaintiff's petition simply because they are alleged by the plaintiff. You are the sole judges of the weight of the evidence and the credibility of witnesses, both as to nature and extent of plaintiff's injuries and otherwise." This instruction is assigned as error, the assignment of error giving the following reasons: "Because said charge was misleading and calculated to lead the jury to believe that there was nothing for the defendant to prove, although it set up special defenses. This should have been explained, and stated in the charge."

In answer to this assignment it is insisted by appellee that inasmuch as appellant, in his assignment, has undertaken to state the reasons why the assignment is erroneous, he must be restricted to the proposition there made and will not be allowed to urge any other reason in this court. We do not understand this to be the law. All that appellant was required to do by his assignment, was to specify the particular instruction complained of. The reason why it is claimed to have been erroneous forms no proper part of the assignment, but belongs more properly to the brief. Land Co. v. McClellan, 86 Texas, 192.

The objection now urged, in appellant's brief, to the instruction is that it puts too great a burden upon the plaintiff, and we think this objection is well taken. While the plaintiff might have shown a sufficient cause of action by a general allegation that the wreck was caused by the negligence of defendant, he did not choose to do so, but elected to specify the particular acts and omissions in which the negligence consisted, and to entitle him to recover, therefore, it was necessary that the proof sustain one or more of the allegations; but it was not necessary that all of them should have been proven. Proof of any one would have entitled plaintiff to recover, but it is nevertheless true that each one of them was sufficient, if proven, to entitle plaintiff to recover, and the instruction in question, when it told the jury that the plaintiff must prove each of the material allegations entitling him to recover, put upon him the burden of proving them all. The general charge of the court was so shaped as to make this instruction especially mischievous. It contained nothing to

inform the jury as to what were the particular facts necessary to be proved by the plaintiff. It consisted wholly of very general propositions of law, and rested the right to recover upon proof of negligence. By giving the requested charge the court virtually instructed that the plaintiff could only show negligence as required by the general charge, by proof of each of the allegations in this petition, the proof of which would entitle plaintiff to recover.

The case is very different from that of Land and Cattle Co. v. State, 80 Texas, 687. In that case the court charged, "The burden is upon the plaintiff to prove by a preponderance every material allegation in the petition, and its right to recover. You are the exclusive judges of the facts proved, the weight to be given to the testimony, and of the credibility of the witnesses." But in that case the petition contained no material allegation which the plaintiff was not bound to prove in order to recover. The general charge of the court stated to the jury the issue on which its decision depended, and defined the facts necessary to be proven. The charge, therefore, could not have been misleading, and for this reason it was held that it was not error to give it. In the present case, as we have pointed out, the petition alleged various grounds for recovery, but it was not incumbent on the plaintiff to establish all of them. Since the case is not one which the court below could properly have controlled absolutely by its charge, this error necessitates a reversal.

The court did not err, as claimed by appellant under its fifth and sixth assignments, in submitting to the jury the question whether or not the defendant had been guilty of negligence. The court did not assume in its charge, under the facts of this case, that negligence was so clearly established as to authorize the taking of the question from the jury. We think, however, the court should not have submitted the question whether or not appellant was a passenger. That was a conceded fact. This may not be such an error as would, of itself, require a reversal of the judgment, but the submission of such a question has a tendency to withdraw the attention of the jury from the contested issues.

The defendant, among its other defenses, set up a release executed by the plaintiff by which, for a valuable consideration, plaintiff had relinquished all claim for damages for injuries either to his person or property received in this wreck. The plaintiff, in order to avoid this release, alleged that it was obtained by fraud, and further, made some allegations tending to show that at the time of its execution he was mentally incapable of contracting. Upon the questions thus presented there was some conflict of evidence. The court in its charge instructed in very general terms that the release would constitute a bar, unless it was obtained by a fraud, or was executed when the plaintiff was mentally incapable of contracting. The plaintiff asks for the following special charge: "If you believe from the evidence that Butler Davis made an agreement and settlement with the defendant, the Missouri, Kansas & Texas Railway Company of Texas, through its agents, by which it paid him $40, and he executed a release, and that the same was to be for his baggage only,

executed a release, and that the same was to be for his baggage only, to recover in this suit."

This charge was properly refused, because, without condition or qualification, it sought to contradict the plain terms of the written contract. This could only be done upon the condition that the plaintiff established one of the grounds upon which he sought to avoid it. We think it true, however, that the court in some form ought to have given more specific instructions as to what would constitute a fraud or incapacity which would avoid the release. We do not hold, however, that the failure to do so, of itself, would be ground for a reversal of the judgment. The agent, before the trial, had taken the ex parte testimony of plaintiff upon interrogatories to which were attached the release and a check which the agent had given as a consideration of the settlement, and their execution was proved by the depositions of the plaintiff. After the jury had retired they came into court and asked that they be allowed to take the release and check with them in their retirement. The court thereupon detached those papers from the interrogatories and gave them to the jury. This action was excepted to by plaintiff's counsel, and is made a basis of the ninth assignment of error. The objections urged to the action was that the papers in question constituted a part of the deposition which the jury were prohibited by article 1303 of the Revised Statutes from taking with them.

We do not think the objection was sound. The release and check were independent evidence which the defendant had a right to use. They were offered in evidence along with the deposition. The fact that they were attached to the interrogatories did not destroy their character as evidence. The decisions relied on by appellant, Snow v. Starr, 12 Southwestern Reporter, 675, and Chamberlain v. Pybas, 81 Texas, 516, do not sustain the contention here made. In those cases the papers were attached to the depositions and were made part of the answers of the witnesses, and were not evidence except as part of the deposition.

For the error of the court in giving the special charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*