### TREADWELL v. BORCHERS et al.
#### (No. 7653.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 8, 1926.)

1. Appeal and error ⬅⬆544(1)—Without statement of facts, admissibility of testimony cannot be determined on appeal.

Admissibility of testimony cannot be determined on appeal, in absence of statement of facts in record.

2. Appeal and error ⬅⬆544(1)—Without statement of facts, sufficiency or effect of evidence cannot be determined on appeal.

Sufficiency or effect of evidence cannot be determined on appeal, in absence of statement of facts in record.

Appeal from District Court, Gillespie County; J. H. McLean, Judge.

Action by William Borchers and others against Leona Treadwell. Judgment for plaintiffs, and defendant appeals. Affirmed.

Alfred P. C. Petsch and Walter Petsch, both of Fredericksburg, for appellant.

H. H. Sagebiel and A. W. Moursund, both of Fredericksburg, and Cunningham, Moursund & Johnson, of San Antonio, for appellees.

SMITH, J. This cause was tried by the court without the intervention of a jury. No statement of facts appears to have been sent up with the record, and the transcript does not embrace any findings of fact by the trial court. Appellant predicates his appeal upon three propositions of law, in which are reflected appellant's three assignments of error.

[1] In his first and third propositions appellant complains of the admission of certain oral testimony, which need not be set out here. The admissibility of this testimony cannot be safely determined, in the absence of a statement of facts. It may have been cumulative of other testimony of like import; it may have been responsive to other testimony adduced by appellant; it may have been admissible by any number of circumstances not disclosed by the record; its admission, even if objectionable, may have been rendered harmless by the state of the case disclosed by other evidence. There is no way to determine these matters in the absence of a statement of facts. We overruled the first and third propositions.

[2] The same may be said of appellant's second and remaining proposition of law, in which it is contended that the evidence did not warrant recovery by appellee. In the absence of a statement of facts, it is, of course, impossible for an appellate court to determine the sufficiency or effect of the evidence adduced upon the trial.

The judgment must be affirmed.