PEOPLE *v.* GILL.

1. BASTARDY—PROCEEDINGS NOT STRICTLY CRIMINAL.
    Bastardy proceedings are not strictly criminal; judgment involving none but civil consequences.

2. SAME—EVIDENCE—OFFER OF SETTLEMENT INADMISSIBLE TO SHOW DEFENDANT'S GUILT.
    Offer of settlement made by defendant, accepted by complainant and her parents, and rejected by board of superintendents of poor, is inadmissible in bastardy proceedings as tending to show guilt of defendant.

Certiorari to Muskegon; Vanderwerp (John), J. Submitted June 13, 1929. (Docket No. 132, Calendar No. 34,252.) Decided July 8, 1929.

Jack Gill was convicted of bastardy. Defendant reviews the refusal to grant a new trial by certiorari. Reversed and remanded.

*Wetmore & Bagley,* for defendant.

*Wilber M. Brucker,* Attorney General, *Harold H. Smedley,* Prosecuting Attorney, and *Joseph T. Riley,* Assistant Prosecuting Attorney, for the people.

FEAD, J. The question is whether, in bastardy proceedings over defendant's objection, an offer of settlement made by defendant, accepted by complainant and her parents and rejected by the board of superintendents of the poor, may be received in evidence as tending to show guilt of defendant.

In civil cases, offers of compromise are rejected as admissions of liability. Their reception would

be inimical to the policy of the law to encourage settlements, discourage litigation, and afford the individual fair opportunity to buy his peace. These considerations do not apply in criminal cases, where the public welfare is involved, the purpose is punishment of an offender, and settlement for the purpose of preventing prosecution is usually a crime.

Bastardy proceedings are not strictly criminal. The judgment "involves none but civil consequences," *Harley* v. *Ionia Circuit Judge,* 140 Mich. 642. The law encourages settlement by providing the machinery therefor. The same considerations for rejecting offers of compromise as evidence of guilt are present as in ordinary civil cases. In other States such evidence is held inadmissible (7 C. J. p. 991) and we think their rule is sound in principle and policy.

This ruling does not, of course, cover the admissibility of admissions of guilt made as statements of fact nor operate to preclude such testimony when properly presented.

The order denying defendant's motion for a new trial will be set aside and the cause remanded for further proceedings not inconsistent with this opinion.

North, C. J., and Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.