SANDERSON v. BARKMAN.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
In action against motorist who overtook and was passing a moving tractor and threshing outfit on graveled road in the country as plaintiff stepped down from tractor platform without seeing defendant's oncoming car, contributory negligence of plaintiff *held*, a question of fact for jury where question of whether disclosed physical facts refuted his claim that, when struck, he was on the proper side of the roadbed, was for jury.

2. EVIDENCE—OFFER OF COMPROMISE.
In civil cases, offers of compromise are rejected as admissions of liability, since their reception would discourage the policy of the law to afford the individual fair opportunity to buy his peace.

3. Same—Compromise and Settlement—Admissions of Fact.
    In action against motorist who overtook moving tractor and
       threshing outfit and struck plaintiff as he descended from
       platform, his admission that he got off into line of traffic
       *held,* improperly stricken near close of proofs after it had
       been received over objection, even if compromise had been
       talked about at such interview, since it was an admission of
       a material fact.

4. Same—Compromise and Settlement—Admissions.
    The general rule is that all admissions not expressly made to
       make peace and all independent facts admitted during nego-
       tiations for settlement are admissible in evidence.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted April 2, 1935. (Docket No. 24, Calendar No. 38,270.) Decided June 3, 1935.

Case by Carson A. Sanderson against Ed Barkman and wife for personal injuries sustained when struck by defendants' automobile driven in an alleged negligent manner. Verdict and judgment for plaintiff. Defendants appeal. Reversed and new trial granted.

*Clarence J. Brainerd* and *Ellis F. Wilson,* for plaintiff.

*Charles W. Cheeney,* for defendants.

Wiest, J. This case has been here before. *Sanderson* v. *Barkman,* 264 Mich. 152. We then held that, upon the question of plaintiff's contributory negligence, his testimony presented an issue of fact for the jury. The case has been retried, with verdict and judgment for plaintiff, and we are again asked to hold plaintiff guilty of contributory negligence as a matter of law. The record now presents much more on the subject of contributory negli-

gence but still leaves it a question of fact for the jury.

This is an automobile accident case. It happened upon a north and south graveled highway out in the country, in level territory and in broad daylight. A threshing outfit, consisting of an oil tractor pulling a bean huller, was proceeding south on the west side of the roadway. Plaintiff, who was connected with the outfit, came down the road in his automobile, drove ahead of the outfit some distance, parked his car, walked back to the tractor and got up on the platform with the operator, remained there a short time and then, as the outfit was moving, stepped to the ground toward the center of the road to avoid the overhang of the huller, which was attached to the tractor by a short tongue or coupler. He claims that he made observation of traffic conditions and did not see defendants' automobile, driven by Mrs. Barkman, until it was about to strike him, and at that time he was on his proper side of the center line of the roadbed. He had a view of defendants' approaching automobile for upward of half a mile, but claims he looked and did not see it.

We might hold him to what he should have seen and bar the excuse of saying he did not see the approaching automobile were it not that he claims that, when struck, he was on the proper side of the roadbed, and, upon such claim, the evidence presented an issue of fact for the jury. Whether the disclosed physical facts refuted such claim was for consideration by the jury.

We find one serious error.

At the trial Mr. Barkman testified that plaintiff, accompanied by an attorney, came to his home and—

"Well, they seemed to think I ought to do something about it for this man. * * *

"I asked him how he figured to hold the driver of a car responsible when she was on her own side of the road and this man jumped out at her. She had to pass the machinery at some time in order to get on up the road. He asked me if she had always had a license, and I told him that she did.  *  *  *

"I said when a man jumps off a moving object right into the traffic, then how could you hold a driver on his right side responsible.  *  *  *

"He (the attorney) asked him (plaintiff) if that was the way it happened.  *  *  *

"He asked him if it were true that he jumped off the moving tractor right into the line of traffic. *  *  * He said, yes.  *  *  *

"Well, Mrs. Barkman asked Mr. Sanderson why he did that. Got right off in front of her.  *  *  *

"His reply was that he couldn't see her.  *  *  * She asked him why he couldn't see her, and he said that he couldn't see her for dust."

This testimony came in over the objection that it was talk of settlement and barred under the rule rejecting admissions in offers of compromise.

On cross-examination Mrs. Barkman was asked:

"Now then, the reason he (plaintiff) came over there was to try and arrive at a settlement, of this matter, wasn't it?"

She answered: "I think that is correct."

Near the close of the proofs, on motion of counsel for plaintiff, the court struck out all the mentioned testimony. No authorities are cited in support of the ruling, and we find none.

We said in *People* v. *Gill,* 247 Mich. 479:

"In civil cases, offers of compromise are rejected as admissions of liability. Their reception would be inimical to the policy of the law to encourage settlements, discourage litigation, and afford the individual fair opportunity to buy his peace."

But that statement of the general rule has no bearing upon the question here.

Here the admission was one of fact and want of liability on the part of defendants; it was not a concession calculated to induce a settlement, but rather an admission of fact barring all remedy. The excluded testimony related to an admission of a material and vital fact in issue and the court was in error in striking it from the record. There was no talk of settlement or compromise, and if there had been and, during the negotiations, plaintiff made an admission of fact, material to the issue, because it was a fact, such admission, both upon principle and authority, was competent evidence. See *Manistee National Bank* v. *Seymour,* 64 Mich. 59, 70. The following rule was there stated:

"The general rule is that all admissions not expressly made to make peace, and all independent facts admitted during negotiations for settlement, are admissible in evidence."

To like effect see *Taylor* v. *Railway Co.,* 101 Mich. 140, 145; *Wallace* v. *H. W. Noble & Co.,* 203 Mich. 58, 61; *Rose* v. *Rose,* 112 Cal. 341 (44 Pac. 658); *Beaudette* v. *Gagne,* 87 Me. 534 (33 Atl. 23); *Eastman* v. *Amoskeag Manfg. Co.,* 44 N. H. 143 (82 Am. Dec. 201); *Rideout* v. *Newton,* 17 N. H. 71, 73, and *Erickson* v. *Webber,* 58 S. D. 446 (237 N. W. 558, 80 A. L. R. 914).

For the error pointed out the judgment is reversed and a new trial granted, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.