## KAMINSKI v. KAMINCZAK et al.
### No. 2820.

Court of Civil Appeals of Texas. Beaumont.
Oct. 4, 1935.

Pennington & Bouldin and Searcy & Hodde, all of Brenham, for appellant.

W. J. Embrey, of Brenham, for appellees.

COMBS, Justice.

This suit was brought by appellant, John Kaminski, as plaintiff, against John Bugaj, as defendant, in the district court of Washington county, seeking judgment on the last four of a series of ten vendor's lien notes and foreclosure of the lien. The notes were given in 1916 in part payment for 109 acres of land. The first six notes had been paid and the others extended from time to time. Bugaj filed an answer in which he pleaded no defense for himself, but assumed to answer as guardian for Steve, Praxeda, Henry, and Max Kaminczak, his grandchildren, alleging that in 1920 he duly qualified as their guardian and in his capacity as guardian for them came into possession of $1,000 in cash, the proceeds of an insurance policy on the life of their deceased father; that without any order of the probate court or other legal authority he had, with the knowledge and consent of the plaintiff, used said $1,000 to take up a portion of the notes which had been paid; that he was an ignorant Polish farmer, unfamiliar with our probate laws, and did not know at the time he used said money that he had no legal right to do so. After the suit was filed, appellee, Steve Kaminczak, one of the minor children, who had in the meantime become of age, filed an intervention for himself and as next friend of the three minors. He alleged that the defendant, John Bugaj, while acting as guardian for him and the other minors, drew $700 of their funds illegally to take up and pay off some of the notes which had been retired and pay interest on the indebtedness; that $574.76 of their money was so used on January 11, 1921, and $125.24 was used on January 3, 1923. They pleaded that defendant Bugaj was insolvent and his bond as guardian was worthless and of no value. They pleaded that plaintiff was fully cognizant of such illegal use of their money, and prayed that the court establish a debt against the land sought to be foreclosed upon to the extent of the debt created by such illegal use of their funds, and for interest and attorney's fees, as provided in the notes so illegally taken up and paid off with their funds, and that they be subrogated to the rights of the lienholder and for the establishment and foreclosure of the lien on a parity with the debt and lien held against said land by the plaintiff.

The case was tried to a jury. The evidence clearly established that John Bugaj did pay to plaintiff $574.76 of the minors' funds on July 11, 1921, to retire one of the notes and to pay the interest on the indebtedness then due. The bank account and canceled check were produced in court to show such payment. The use of the minors' funds was without authority of the probate court. It was a disputed fact as to whether the plaintiff knew that the minors' funds were being used by Bugaj; the plaintiff testifying that he did not know that the minors' funds were being used for

said payment and Bugaj testifying positively that plaintiff did know the source of the funds and advised him that such payment would be legal. In response to two special issues the jury found that Bugaj used $574.76 of the minors' funds, and that at the time it was so used by the defendant John Bugaj, plaintiff, John Kaminski, had knowledge that the money and funds so used belonged to the minors.

Upon the verdict of the jury the trial court entered judgment establishing plaintiff's debt, principal, interest, and attorney's fees against defendant Bugaj, in the amount of $2,188.51, and establishing the intervener's debt in the amount of $1,603.-57, being principal, interest, and attorney's fees, and decreeing a foreclosure of the vendor's lien for the payment of the debts of the plaintiff and interveners on a parity. From that judgment the plaintiff has appealed; his main contention being that his debt was entitled to priority, and that the trial court erred in decreeing the debt of the minors on a parity with his and subrogating them to the rights of the vendor's lien.

The trial court did not err in subrogating the interveners, appellees here, to the rights of the vendor's lien. Their funds had been illegally applied by their guardian to the payment of a portion of the debt held by plaintiff and secured by the lien. On principles of equity they were entitled to be subrogated to the security, rights, and remedies of the creditor, Kaminski, to the extent that their funds had been so misapplied.

Under the evidence and the findings of the jury, the appellant was fully cognizant of the illegal use of the interveners' funds by their guardian. In receiving their funds with such knowledge, he became a party to the fraud practiced upon them by their guardian. Hurst v. Marshall, 75 Tex. 452, 13 S. W. 33. Therefore, appellant does not come into court with clean hands, and he is in no position to object to their being given the benefit of the security. In relieving against such frauds, the courts frequently do so by allowing subrogation. And in this case we have no doubt that the trial court was fully empowered in the exercise of its broad equitable powers to relieve the interveners against the fraud practiced upon them by subrogating them to the vendor's lien and all rights and remedies held thereunder by

the appellant. 25 R. C. L. p. 1322, et seq.; 60 C. J. p. 705; Hurst v. Marshall, supra; Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; Guaranty Bond State Bank v. Kelley et ux. (Tex. Com. App.) 13 S.W.(2d) 69; Blesse et ux. v. Wessels (Tex. Civ. App.) 18 S.W.(2d) 724 (writ dismissed).

It was not error for the trial court to permit the jury to take with them in their retirement certain bank statements which had been introduced in evidence. Originally these bank statements were attached to a deposition as an exhibit. However, during the trial, they were detached from the deposition. Only the bank statements were taken by the jury in their retirement. It was proper for the jury to take the exhibits with them in their retirement. Vernon's Ann. Civ. St. art. 2193; Davis v. Missouri, K. & T. Ry., 17 Tex. Civ. App. 199, 43 S. W. 44; Frugia v. Trueheart, 48 Tex. Civ. App. 513, 106 S. W. 736, 740.

Finding no error, the judgment of the trial court is affirmed.