**PRICE v. WHITE LINE CAB & BAGGAGE CO.**

No. 1628.

Court of Civil Appeals of Texas. Waco.
Oct. 17, 1935.

Rehearing Denied Nov. 21, 1935.

R. L. Henderson, of Waco, for appellant.

Naman, Howell & Brooks, of Waco, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, L. P. Price, against appellee, White Line Cab & Baggage Company, to recover damages for personal injuries alleged to have been sustained by him as the result of being struck by one of appellee's cabs operated by its employee. Appellee, among other defenses, alleged that appellant had, for a valuable consideration, released it from any and all liability of every kind and character growing out of his having been struck by said cab. Appellant pleaded, in reply to such allegation, that shortly after the accident he went to the office of an insurance agency in this city and called for Mrs. Porter, an employee of said agency in its claim department; that he was informed that she had gone home; that he then informed them of such collision; that some one in said office thereupon took him in a car and carried him to a hospital, where he was immediately put to bed and kept all night; that he was in a highly nervous condition, which he described as being "out of his head"; that he suffered all night; that the next morning he was weak and faint from lack of food; that at an early hour Mrs. Porter came to the hospital and stated to him that she represented the insurance company or appellant, and asked him to tell how the collision occurred, which he did as best he could; that she said she would be back in a few minutes and went away, and in about a half an hour she returned with a typewriten instrument of some kind which she represented was a statement of how the collision occurred; that she asked him to sign the same, which he did; that she said she would pay the hospital bill; that she gave him a check for $35, which

she said was to pay his expenses while she saw what she could do. He further alleged that he could neither read nor write; that he could barely scribble his name; that if the instrument so signed by him was in fact a release, he did not so understand it and relied on her assurance that it was a mere statement of how the accident occurred; and that such release was procured by fraud.

The court submitted the case to a jury on fifty special issues, the first of which invoked a finding whether appellant at the time he signed the document referred to in the evidence as a release understood the contents of the same. The jury answered affirmatively that he did understand such instrument. Consideration of all the other issues submitted was made dependent on a negative answer to said first issue. The jury therefore did not answer any other issues submitted, but returned their answer to the first issue as aforesaid as their verdict. The court rendered judgment on such verdict that appellant take nothing by his suit.

Appellant filed a motion for new trial. He charged therein that the jury, while deliberating on their verdict, requested the court to send them the exhibits which had been introduced in evidence; that among said exhibits were two checks, drawn on a certain bank, which checks appellant had admitted signing, but which he had denied having written; that there was a pencil notation of "No Acct." on the face of each of said checks at the lower left-hand corner thereof; that the court, in response to said request, sent to the jury room all such exhibits, including said two checks. Appellant charged that such action was improper because the jury were thereby permitted to inspect the handwriting on said checks over the signatures thereto and to see and consider said pencil notations. The court heard evidence on said motion and overruled the same. Hence this appeal.

### Opinion.

Appellant contends that the court committed reversible error in overruling his motion for new trial. Such contention is more specifically presented by propositions, in which he insists that the signatures only to the checks were admitted in evidence to aid the jury in determining whether he could read and write; that the court erred in permitting said checks, over his objection, to be passed to the jury and inspected in their entirety by the several members thereof at the time the signatures thereto were introduced, and that the court further erred in permitting said checks, without the knowledge or consent of his counsel, to be delivered to the jury on their request for the exhibits in evidence for the purpose of enabling them to reconcile existing differences of opinion between the members thereof on the issue of whether he could read and write.

There are no bills of exception in the record. The statement of facts embraces only the testimony introduced at the hearing of the motion for new trial. Appellant, at such hearing, introduced two of the jurors who served as such on the trial of the case. Each of them testified that a request for the exhibits was made; that the release in controversy, four cards, and the two checks under consideration were furnished in response to such request; that all the same were spread out on the table for inspection; that the release and the cards were considered, but that he personally did not pay any attention to the checks. Each of said jurors further testified that nothing was said in that connection about said checks not being good. One of them testified specifically that he did not discover in the jury room or elsewhere that said checks were not good. At the time the jury sent for the exhibits ten of the jurors had expressed the opinion that appellant could read and write and two were still undecided on that issue. Neither of said two jurors was called to testify at the hearing on the motion for new trial.

Appellant at such hearing offered in evidence a paper purporting to be that portion of the testimony on the trial of the case which related to said checks. There was no certificate to said paper by the court reporter attesting its accuracy or completeness. Counsel for appellee stated that he had requested the court reporter to furnish a transcript of the proceedings in that connection and that said paper was furnished in response to such request. Counsel for appellant stated he had not verified the same. The court suggested that the whole matter would be shown in the statement of facts and that he did not think it (said paper) had any business in the record at that time, but that since there was no objection he would "let it go in because it is in the statement of facts." According to the paper so introduced, said checks were offered separately,

but the procedure shown with reference to each was substantially the same. The check was submitted to appellant for inspection and he stated that he signed the same but did not write the face thereof. The check was then offered in evidence and appellant's counsel objected to the notation at the left-hand corner of the same hereinbefore recited, but stated that he had no objection if the check was limited to showing the signature only. The court answered that the only part admitted was the signature, which had been identified by appellant. Counsel for appellant then requested that "the other part be stricken off or erased." Counsel for appellant further requested the court to instruct the jury that they could only consider the same for the purpose of determining whether or not appellant could write. The court stated that such was the purpose and consideration of the same by the jury would be so confined. The check was then admitted in evidence and handed to the jury for examination. No exception by appellant's counsel to such procedure, or any part thereof, was shown.

The general rule is that the action of the trial court in admitting or excluding evidence will not be reviewed in the absence of a statement of facts. 3 Tex.Jur. p. 547, § 384, and authorities cited in notes thereto; Treadwell v. Borchers (Tex.Civ.App.) 289 S.W. 75, par. 1; Renfro v. Harris (Tex.Civ.App.) 72 S.W. 237 (writ refused); Perry v. Ripley (Tex.Civ.App.) 282 S.W. 329, par. 2; Day v. Gulf, C. & S. F. Ry. Co. (Tex.Civ.App.) 297 S.W. 501, 502, pars. 1 and 2; Central Surety & Insurance Corporation v. French (Tex. Civ.App.) 72 S.W.(2d) 699, 700, par. 4; Williams v. Brice (Tex.Civ.App.) 108 S.W. 183 (writ refused). Appellee invokes the application of such rule and insists that the paper so introduced cannot be considered as constituting a statement of the facts adduced at the trial of the cause, nor a sufficient bill of exception to the action of the court in the premises as recited therein. We think this claim must be sustained, so far as appellant's complaint that the court erred in permitting said checks, over his objection, to be passed to the jury and inspected in their entirety by the several members thereof, is concerned. But even if such paper were held to be sufficient to constitute a transcript of the proceedings attending the introduction of the signatures on said checks in evidence, it would not avail appellant,

because the grounds on which his objections were based were not stated at the time and because no exception to any of the rulings of the court in that connection was shown thereby. 3 Tex.Jur. p. 477 et seq., §§ 334 and 335, and authorities cited in notes thereto; Id., p. 233, § 154; Id., p. 513, § 362. Appellant's complaint that the court erred in permitting said checks to be sent with the other exhibits in the case to the jury room for consideration is based on one of the provisions of article 2193 of our Revised Statutes, which provision reads as follows: "Where part only of a paper has been read in evidence, the jury shall not take the same with them, unless the part so read to them is detached from that which was excluded." The burden was, of course, on appellant to show that such provision had been violated. He relied alone on said paper purporting to show the proceedings at the trial with reference to said checks, and even if the same were sufficient for such purpose, he is, of course, limited in his contentions to the recitals therein. Said checks do not come within the literal terms of the statute. They were submitted to the jury solely for inspection of appellant's signatures thereto. Such signatures were therefore not "read in evidence," in the terms of the statute, but were submitted for critical examination. To enable such examination to be readily and effectively made, the court in each case permitted the entire check to which such signature was subscribed to be passed to the jury for examination, and appellant was without effective objection or exception to such action. Appellant, by failing to except thereto, waived any right to complain of the same either on motion for new trial or on appeal. We do not think it can be said that a second examination of said checks by the jury, if made, was more hurtful to appellant than the original examination made in open court, of which he has not effectively complained. The court having instructed the jury to limit their consideration of said checks to examination of the signatures thereto on the issue of appellant's ability to read and write, and the only jurors examined at the hearing of the motion for new trial having testified that in examining the exhibits in the jury room the attention of the jury was specially directed to the other exhibits; that neither of them paid any attention to the checks; that nothing was said about the checks not being good; and that they did not discover that the checks

were not good, we think that it reasonably appears that the verdict of the jury was not probably affected to appellant's prejudice by the sending of said checks to the jury room in connection with the other exhibits in the case. See in this connection: Renfro v. Harris, supra; West v. Houston Oil Co., 56 Tex.Civ.App. 341, 120 S.W. 228, par. 10 (writ refused); Dunman v. South Texas Lumber Co. (Tex.Civ. App.) 252 S.W. 274, 276, par. 3 (writ dismissed); Blue Diamond Motor Bus Co. v. Hale (Tex.Civ.App.) 69 S.W.(2d) 228, 229, par. 3, and authorities there cited.

The judgment is affirmed.