## BANKERS LIFE CO. OF DES MOINES, IOWA, v. BUTLER.

### No. 10656.

Court of Civil Appeals of Texas. Galveston.

Dec. 1, 1938.

Rehearing Denied Jan. 5, 1939.

Aldrich & Crook, of Crockett, and Vinson, Elkins, Weems & Francis and Frank G. Dyer, all of Houston, for appellant.

G. W. Allison, of Athens, and Justice & Justice, of Athens, for appellee.

MONTEITH, Special Commissioner.

This is an appeal from a judgment of the district court of Houston County in favor of appellee, plaintiff below, entered in conformity with the verdict of a jury on special issues.

The action was originally filed by Frank H. Butler against appellant, Bankers Life Company of Des Moines, Iowa, on two insurance policies on the life of his wife, Mrs. Jettie W. Butler, each dated July 14, 1928, and each for the principal sum of $1000. Subsequent to the filing of the suit, Frank H. Butler, the plaintiff and beneficiary under said policies, died and Dr. C. W. Butler, Administrator of his estate, was substituted as plaintiff.

Plaintiff alleged that Mrs. Jettie W. Butler died on March 26, 1930; that the premiums on both policies were paid, and that each of said policies was in full force and effect at the time of her death; that Frank H. Butler, then plaintiff, furnished defendant with proof of the death of Mrs. Butler and demanded that defendant pay him the $2000. which he alleged was due on said policies, which defendant failed and refused to do.

Appellant answered, denying the allegations of plaintiff's petition and pled specifically that it had executed the two policies of insurance sued on, but that said policies had lapsed on several occasions on account of the failure of the insured to pay the premiums due thereon, under the terms of said policies; that on or about December 14, 1929, Mrs. Butler again applied for reinstatement of said two policies and tendered appellant the balance due on said premiums; that in said application, which was in writing, Mrs. Butler agreed that each of said policies had lapsed prior to December 14, 1929, and warranted, among other things, that she was in good health; that she had not been ill or injured within five years; and that she had not consulted, been treated

**1078**

by, or attended by a physician, surgeon, or practitioner within five years. Mrs. Butler further agreed in said application for reinstatement that said statements should be considered as warranties, and that they were made for the purpose of securing reinstatement of the two policies, and that said reinstatement should be void if said statements were untrue in any respect. Appellant further alleged that in reinstating said policies, it believed and relied upon the truth of said statements; that after Mrs. Butler's death, it ascertained for the first time that said statements were untrue and false, and that it had tendered into court the full amount of the premiums due on July 14, 1929, the date when said two policies first lapsed.

It is the contention of appellant that the findings of the jury in response to the six issues submitted were so contrary to the great weight and preponderance of the evidence as to show that the verdict was based on prejudice or some other improper motive; that reversible error was committed by the failure of the trial court, on application of appellant, to allow certain photostatic copies of the records of the Methodist Hospital of Houston, Texas, attached as exhibits to the deposition of Mrs. Josie M. Roberts, to be detached from said deposition so that the jury might be permitted to take such exhibits to the jury room and have them available during their deliberations. Appellant contended that the records in question were the permanent records of said Methodist Hospital, that they were identified by Mrs. Roberts, who testified for appellant, and that each of said exhibits were introduced in evidence independently of the deposition of Mrs. Roberts, and were identified by R. C. Lansberry, who made said records, and that said records reflected the fact that Mrs. Butler had on numerous occasions been a patient in said Methodist Hospital for treatment.

Appellant further contended that the trial court committed reversible error in refusing to sustain appellant's objection to argument of appellee's counsel wherein he criticised appellant for failure to bring as a witness the nurse who, counsel claimed, attended Mrs. Butler, in the absence of some showing that said witness was in appellant's control or within the jurisdiction of the court, or that the opposite party knew said witness.

While there are numerous issues involved in this appeal, the controlling question presented grows out of the action of the trial court in refusing the request of appellant to detach exhibits A, B, C, D, and E from the deposition of Mrs. Josie Roberts, and to permit the jury to take such exhibits to the jury room and have them available during their deliberations.

Article 2193 of the Revised Statutes of 1925 provides: "The jury may take with them in their retirement the charges and instructions, general or special, which are given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused. Where part only of a paper has been read in evidence, the jury shall not take the same with them, unless the part so read to them is detached from that which was excluded."

The witness, Mrs. Josie Roberts, to whose deposition the exhibits above referred to were attached, identified said exhibits as photostatic copies of the permanent records of Methodist Hospital. Counsel for appellee urged the following objection when said exhibits were offered in evidence by appellant: "We object to the question and particularly to the photostatic exhibits."

Each of said exhibits were introduced in evidence independently of the deposition of Mrs. Josie Roberts by R. C. Lansberry, X-ray technician of Methodist Hospital, as permanent records of said hospital, and as having been made by him.

At the conclusion of the arguments of counsel for both parties and before the jury retired to consider the case, defendant moved the court, in the presence of the jury, to allow said exhibits to be detached from said deposition and that the jury be allowed to take said exhibits with them to the jury room during their deliberations. The court overruled this motion, but qualified appellant's bill of exception to its action in overruling said motion by adding to said bill that if the jury requested said exhibits during their deliberations, they would be given to them.

In the condition of the record appellee is not in position to complain of the action of the court in overruling his objection to the introduction of said exhibits in evidence. The record discloses conclusively that the grounds on which he based his objections at the time said exhibits were offered in evidence were not stated, and that he took no exception to the ruling of the court in this connection; 3 Texas Jurisprudence, 377 et seq., secs. 334 and 335;

Price v. White Line Cab & Baggage Co., Tex.Civ.App., 87 S.W.2d 1103.

■ Appellee in his brief urges that error was committed by the trial court in permitting said exhibits to be presented to and read by the jury without requiring appellant to separate all matters not touching the Hospital record of Mrs. Jettie W. Butler. In the event error was committed by the trial court in this connection, appellee waived any right to complain thereof on appeal by his failure to state the grounds on which he based his objections, and by his failure to except to the action of the court in overruling his objections to their introduction.

■ It was error for the court to deny appellant's request to detach said exhibits from said deposition, since said exhibits were independent evidence which the appellant had the right to use. The fact that they were attached to said deposition did not destroy their character as evidence; Davis v. M., K. & T. Ry. Co. of Texas, 17 Tex.Civ.App. 199, 43 S.W. 44; Trinity & B. V. Ry. Co. v. Lunsford, Tex.Civ.App., 183 S.W. 112; Texas & N. O. R. Co. v. Turner, Tex.Civ.App., 182 S.W. 357; Kaminiski v. Kaminczak, Tex.Civ.App., 86 S. W.2d 883.

■ The error of the trial court in denying appellant's request to detach exhibits from the deposition and allow them to be taken to the jury room was not cured by the court's action in qualifying appellant's bill of exception with the condition that "if the jury requested the exhibits during their deliberations, they would be given to them". This question is decided in the case of Trinity & B. V. Ry. Co. v. Lunsford, Tex. Civ.App., 183 S.W. 112, which holds that R. S. Article 2193 was enacted for the benefit of litigants, and that its enforcement should not be made to depend on whether or not the jury requested the use of such written testimony while considering the case.

Since said exhibits related to the treatment of Mrs. Jettie W. Butler in the Methodist Hospital, which was a closely contested issue of fact in this case, it cannot be held that the error committed by the trial court in refusing to allow said exhibits to be detached and used by the jury in their deliberations was harmless.

The other issues urged by counsel in their briefs will, in all likelihood, not arise upon another trial of this action. For this reason we deem it unnecessary to discuss them.

For the errors above pointed out, the judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

Approved by the Court.