## UNITED EMPLOYERS CASUALTY CO. v. SMITH.

### No. 10747.

Court of Civil Appeals of Texas. San Antonio.

Oct. 21, 1940.

Rehearing Denied Dec. 11, 1940.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellant.

M. L. Dew, of Houston, and Chas. E. Thompson, of McAllen, for appellee.

SMITH, Chief Justice.

In this workmen's compensation case J. T. Smith was the employee, H. B. Zachry Company, the employer, and United Employers Casualty Company, the insurance carrier. The latter has appealed from a judgment awarding Smith the maximum compensation fixed by the law, for total permanent disability. The parties will be designated here as in the trial court.

Plaintiff recovered upon his claim that he sustained accidental injury while lifting a heavy object, which resulted immediately in a hernia and his consequent incapacity. Defendant contested the claim upon the contention that plaintiff did not sustain an accidental injury in the course of his employment, but that the hernia from which he admittedly suffers developed, not suddenly, but gradually, over a period of weeks, from a congenital condition rather than from an accident. Defendant also contends that plaintiff did not give notice of the alleged accident within thirty days of its alleged occurrence, as prescribed by the statute. The jury found against defendant's contentions, in detail.

In the course of the trial defendant offered and the court admitted in evidence four certain written statements admittedly made by plaintiff in the course of the prosecution of his claim, which defendant summarizes in its brief, and plaintiff has not questioned, as follows:

"1. Statement of * * * (plaintiff) filed with the Industrial Accident Board on July 12, 1938, * * * that he was born

with a disability and that he did not sustain any accident or have any particular strain, but his disability was the result of heavy work, and that it came upon him gradually and had gotten worse steadily for about two months.

"2. Claim for Compensation filed with the Industrial Accident Board July 18, 1938, in which he stated that he had an accident on the 1st of March, 1938, (this being in conflict with his testimony at the trial that the accident occurred on March 30th).

"3. Notice of Injury, * * * in which he likewise stated that the accident occurred about 4:00 A. M. about the 1st day of March, 1938.

"4. Affidavit and statement supporting the claim * * * in which he fixed the date of the accident as March 1, 1938."

■ The last three statements were admitted without objection, but plaintiff did object to the admission of the first mentioned, on the ground that "it is clearly a part of the group of papers used in connection with an attempted compromise." It is obvious from the record that this objection was not tenable at the time made, if at all throughout the trial, and the court therefore properly overruled it, and as plaintiff did not thereafter renew it, or move to strike, he cannot complain on appeal of the presence of the testimony in the record. Besides, there is a question if the objection was ever applicable to the testimony, depending upon other facts in the case, and it will be presumed that in allowing it to remain before the jury the trial judge found the evidence did not establish the premise upon which plaintiff based his objection. Moreover, in our opinion, the very nature of the statement rendered it clearly admissible. Farmers' State Bank & Trust Co. v. Gorman Home Refinery, Tex. Com.App., 3 S.W.2d 65; Sanford v. John Finnigan Co., Tex.Civ.App., 169 S.W. 624; Sanderson v. Barkman, 272 Mich. 179, 261 N.W. 291; Gagne v. New Haven Road Construction Co., 87 N.H. 163, 175 A. 818; Wigmore on Evidence, 2d Ed., § 1061; 22 C.J. p. 314, § 349.

It appears that this cause was twice tried below, and that at both trials defendant requested the court to send the statements out with the jury for their consideration in arriving at a verdict in the case, but the court refused the request in each instance.

In the bill of exception showing this transaction it appears that the trial judge refused the request at the last trial for the same reasons given by him for a like ruling upon the former trial. From the bill of exception it appears that at the former trial plaintiff did not object to defendant's request and upon the last trial objected only by stating "we object," which amounted to no objection at all. At the first trial the judge overruled the request upon his own objection that "in the absence of a request of the jury, to furnish them any part of the testimony introduced before them on the trial of the case, would be an over-emphasis of such testimony. The Court has no right to furnish them with a transcript or reproduction of the evidence, except on their request; and, to do so without furnishing a transcript of all the testimony would be over-emphasis of one part of the testimony," and apparently the court adopted those reasons for overruling the request at the last trial. And defendant complains of this ruling, in its third and fourth propositions.

■ The statements which defendant asked to be sent out with the jury related to the two controlling issues in the case, first, as to whether plaintiff's claimed disability was caused by an accidental injury, within the contemplation of the statute, and, second, whether plaintiff gave notice of his claim within thirty days of the alleged accident. These statements were admittedly made by plaintiff, were put in evidence before the jury, and are in direct conflict with plaintiff's testimony upon the trial. Under the statute and judicial decisions thereon the trial judge erred in refusing defendant's motion that the statements be sent out with the jury, and as these statements relate to material issues in the case, the error requires reversal. Art. 2193, R.S.1925; 41 Tex.Jur. p. 855, § 105; Trinity & B. V. Ry. v. Lunsford, Tex.Civ.App., 183 S.W. 112; Bankers Life Co. v. Butler, Tex.Civ.App., 122 S.W.2d 1077, and authorities there cited.

Other questions raised in the appeal need not arise upon another trial.

For the error indicated, the judgment is reversed and the cause remanded. The original opinion will be withdrawn and this substituted therefor. Plaintiff will be allowed to file second motion for rehearing, if he so desires.