### TEXAS EMPLOYERS' INS. ASS'N v. BRANNAM.

No. 4838.

Court of Civil Appeals of Texas. El Paso.

Oct. 31, 1951.

Rehearing Denied Nov. 28, 1951.

Raymond A. Lynch, Whitaker, Turpin, Kerr, Smith & Brooks, Midland, James Langdon, McCamey, for appellant.

Bob Huff, Lamesa, John A. Menefee, Rankin, John J. Watts, Odessa, John H. Splawn, Jr., Lamesa, for appellee.

PRICE, Chief Justice.

This is a workman's compensation case. Joe Brannam as plaintiff, hereinafter so designated, recovered a judgment against the defendant Texas Employers' Insurance Association, hereinafter called defendant, in a sum exceeding $5,000. One-third thereof was awarded to Bob Huff and John Watts as attorneys' fees. The trial was to the court with a jury, the submission on special issues. The verdict found that plaintiff sustained an accidental injury in the course of his employment with J. F. Pritchard & Company, that as a result of such injury the plaintiff suffered total and permanent incapacity to labor. A judgment was entered for a lump sum representing the maximum payable for total permanent incapacity. The defendant duly perfected this appeal.

The case is before us on one point of error, challenging the action of the court in excluding from the evidence a compromise settlement agreement between plaintiff and

defendant. It was signed by each party and filed with the Industrial Accident Board before which the compensation claim was pending. It is contended that this compromise agreement between plaintiff and defendant was admissible as an admission by appellee and for the purpose of impeaching appellee as a witness.

Plaintiff duly filed his claim for injuries with the Industrial Accident Board. On January 26, 1950, appellant and appellee each signed and executed a compromise agreement. This compromise agreement was offered in evidence by defendant. Plaintiff objected thereto on the ground that it was heresay, not binding on plaintiff until approved by the Industrial Accident Board, and that it was an offer of compromise which was not carried out by the parties. This objection was sustained by the court and the instrument excluded from evidence. The instrument recites in substance that it was agreed that the liability of defendant, or the extent of the injury was uncertain, indefinite or incapable of being satisfactorily established. It recites that the settlement was for the sum of $896. It further recites that it was agreed that the compromise settlement was made subject to the approval of the Industrial Accident Board. Plaintiff's claim was for total and permanent disability. Such instrument as it stood represents a compromise. Plaintiff agrees to take in full and final settlement of his claim about one-tenth thereof.

■ In order to give the Industrial Accident Board the authority to approve a compromise it is necessary that liability of the insurance carrier or the extent of the injuries be uncertain, indefinite or incapable of being satisfactorily established. Art. 8307, Sec. 12, Vernon's Civil Statutes. Without the approval of the Industrial Accident Board, as provided by the above cited Statute, the compromise signed by the insurance carrier and the workman was ineffective to consummate an act in law, and either party, prior to the action of the Board on the application for compromise, might withdraw therefrom. Smith v. Petroleum Casualty Co., Tex.Civ.App., 72 S.W.2d 640, wr. ref. The first alternative provision is vital on the question of whether any compensation is to be awarded, the second is vital on the question as to the amount of compensation, if any, to be awarded. Each party signed the agreement for a compromise reciting the existence of the facts which must exist to authorize a legal compromise of the liability. Ignoring the acceptance of the defendant it is in a sense an offer by the plaintiff to compromise. The acceptance thereof would but for the requirement that the Industrial Accident Board approve same constitute a contract. However, it is something more than a mere offer on the part of plaintiff to settle his claim for $896, it is a representation to the Industrial Accident Board that the liability of the insurer is uncertain, indefinite, incapable of being satisfactorily established or that the extent of the injuries of plaintiff was uncertain, indefinite, or incapable of being satisfactorily established. Either or any of these matters were vital and material to the correct and legal disposition of plaintiff's cause of action for compensation.

The real contest in this case was over the nature, extent and effect of the personal injuries suffered by plaintiff while in the course of his employment. If plaintiff suffered physical injury it was not seriously claimed that such was not in the course of his employment. Defendant made a vigorous contest as to the extent of plaintiff's disability and the cause thereof. The evidence would have sustained a finding that in extent and effect the injuries were neither total nor permanent.

■ One making an offer of compromise to another against whom he has a disputed claim does not admit by such offer that the claim is of doubtful validity, or minor in extent. The mere offer to take less than the amount claimed is not relevant to establish either the validity of or the invalidity of, or the extent thereof. McCormick & Ray, Texas Law of Evidence, p. 637, Sec. 498; International & Great Northern Ry. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515.

■ Here we have admissions not made to defendant, but representations made to the Industrial Accident Board,

274

admissions made as to facts the existence of which were necessary to give that body the power to grant the relief sought. The joint application did not state facts hypothetically, but without reservation. The representations are in almost the exact language of Art. 8307, Sec. 12, Vernon's Civil Statutes. It has been held in the nature of a joint pleading by the parties asking for the confirmation of a tentative contract of settlement. Smith v. Petroleum Casualty Co., Tex.Civ.App., 72 S.W.2d 640. If this is true, or an abandoned pleading, it is admissible as an admission of a statement seriously made against interest. Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726; Gillette Motor Transport Co. v. Whitfield, Tex.Civ.App., 186 S.W.2d 90, loc. cit. 94 (5, 6) wr. ref. w. m.; 31 C.J.S., Evidence, § 381–c, p. 1172.

If such was its nature its withdrawal would not, in our opinion, affect its admissibility in evidence as admission on the part of plaintiff. Abandoning the position evidenced by the application to compromise in the further prosecution of the case, plaintiff took a position in complete antagonism to that evidenced by the application to compromise.

In the case of United Employers Casualty Co. v. Smith, Tex.Civ.App., 145 S.W.2d 249, 250, wr. den., there was a question somewhat analogous to the question involved in the instant case. There, however, the statement filed by the plaintiff with the Industrial Accident Board did not show that it was made to bring about a compromise. In one of these papers so filed plaintiff admitted that he was born with a disability and that he did not sustain any accident or have any particular strain, but his disability was the result of heavy work and had come upon him gradually and

had gotten worse steadily for about two months. The objection urged to said admission was that "it is clearly a part of a group of papers used in connection with an attempt to compromise." It was held the objection was not tenable at the time made, and plaintiff not having moved to strike, could not avail himself on appeal of the admission of the testimony. That great judge, Chief Justice Smith, of the San Antonio Court of Appeals, wrote the opinion of the court. In the course of the opinion it is said: "Moreover, in our opinion, the very nature of the statement rendered it clearly admissible. Farmers' State Bank & Trust Co., v. Gorman Home Refinery, Tex.Com.App., 3 S.W.2d 65; Sanford v. John Finnigan Co., Tex.Civ.App., 169 S.W. 624; Sanderson v. Barton, [Barkman] 272 Mich. 179, 261 N.W. 291; Gagne v. New Haven Road Const. Co., 87 N.H. 163, 175 A. 818; Wigmore on Evidence, 2d Ed., § 1061; 22 C.J. p. 314, § 349." The very application for a compromise shows that it was not an effort to buy peace, but the reason for the compromise was a reasonable doubt as to the liability of defendant and a reasonable doubt as to the nature, extent and duration of the disability for which compensation was sought.

In our opinion it was error for the court to refuse to receive this evidence. Further, we hold it reversible error. The testimony was relevant, it tended to substantiate the contention of defendant. It is not for an Appellate Court to say that had the evidence been received the verdict would have been the same. McEntire v. Baygent, Tex.Civ. App., 229 S.W.2d 866, 20 A.L.R.2d 300.

It is ordered that the judgment of the trial court be reversed and the cause remanded for a new trial.