## TRAVIS v. EISENLORD.

MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—AUTOMOBILE DRIVER .
MAY ASSUME THAT DRIVER OF OTHER VEHICLE APPROACHING IN-
TERSECTION WILL OBEY LIGHT SIGNAL.

> Automobile driver approaching intersection with green light in
> his favor is not guilty of contributory negligence as matter
> of law in proceeding to cross without looking to see whether
> truck driver approaching from right on intersecting street is
> going to obey law by stopping before red light and waiting
> until it changed, since he had right to assume that truck driver
> would obey law.                                               \

· Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted October 8, 1931. · (Docket No. 59, Calendar
No. 35,109.) Decided December 8, 1931.

Separate actions of case by Frank, Clyde C., and
Lois S. Travis against Howard G. Eisenlord and
others for personal injuries received in an automo-
bile accident at a highway intersection. Cases were·
consolidated for trial. Directed verdict and judg-
ment for defendants. Plaintiffs appeal. Reversed,
and new trial granted.

*Howard D. Brown* (*George H. Cary,* of counsel),
for plaintiffs.

*Earl K. Gullen,* for defendants.

McDONALD, J. The three causes named in the title
are separate suits brought to recover damages for
injuries received in an automobile collision which
occurred at the intersection of Plymouth and Middle-
belt roads in the county of Wayne, Michigan. The

On rights and duties at intersection of highways, see annotation
in 58 A. L. R. 1197.

suits were consolidated in one trial and will be disposed of in one opinion.

The plaintiffs were riding in an automobile driven by Clyde Travis in an easterly direction on Plymouth road. When 400 or 500 feet from the intersection, the driver saw the defendants' truck about 1,000 feet away approaching from the south on Middlebelt road. There was a modern signal traffic light suspended above the intersection. As the parties approached the light it changed from red to green in favor of traffic on Plymouth road and from green to red against traffic on Middlebelt road. The plaintiffs' driver, as was his right, proceeded to cross. The defendant, ignoring the signal, drove into the intersection at a high rate of speed and collided with the other car. Plaintiffs were injured and brought this suit to recover damages. On the trial, at the close of the plaintiffs' case, the trial court directed a verdict in favor of the defendant on the ground that the plaintiffs were guilty of contributory negligence as a matter of law because of their failure to look for the defendant before attempting to cross the intersection. From the judgment entered the plaintiffs have appealed.

The court was wrong in holding that the plaintiffs were guilty of contributory negligence as a matter of law. If he were correct in so holding, it would mean that the driver of the plaintiffs' car must at his peril assume that the defendant would disobey the law and rush the red light. The contrary is true. He had a right to assume that the defendant understood the red signal and that he would not undertake to make the crossing until it had changed to green. If he had looked, as the court says he should have done, it is true that he would have seen the defendant approaching, but he would have had a

right to rest on the assumption that defendant would stop before the red light and wait until it had changed. It was the duty of plaintiffs' driver to look for the green light and to see that the intersection was clear before attempting to cross, but he was not required to look to the right for the defendant, because he had good reason to believe that he was protected from danger in that direction by the red light. From the remarks of the trial court in deciding the question, it appears that he reached a wrong conclusion by confusing the rule relative to the duties of drivers at intersections where the traffic is controlled by the modern light signal system with that at county highway crossings where drivers are compelled to rely on their own observations. The distinction is obvious.

The judgment is reversed, and a new trial granted. Plaintiffs will have costs.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, and Fead, JJ., concurred with McDonald, J. North, J., concurred in the result.