### WILLIS v. TUCKER.

MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

Whether pedestrian, struck by automobile at street intersection, was guilty of contributory negligence, *held*, question of fact, where evidence shows that he was where he had right to be, and that automobile was proceeding against traffic light.

Appeal from Wayne; Warner (Glenn E.), J., presiding.  Submitted October 4, 1932.  (Docket No. 17, Calendar No. 36,639.)  Decided December 6, 1932.

Case by Robert J. Willis, Sr., against Sam Tucker for personal injuries received in a street crossing accident.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

As to duty of pedestrian to look out for automobiles in street, see annotation in 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179; 9 A. L. R. 1248; 44 A. L. R. 1299.

*Harold E. Bledsoe* and *Peter J. Drexelius,* for plaintiff.

*H. L. Wickey* and *E. Dean Alexander,* for defendant.

POTTER, J.    September 21, 1931, plaintiff, living on the south side of Macomb street in Detroit, walked easterly to the southwest corner of Macomb and Beaubien streets, where, as he says, after observing the traffic light, he started north across Macomb street along that part designated as a crosswalk.    Defendant was the owner of a comparatively new automobile, equipped with free wheeling, which he was demonstrating to a friend riding with him.    Defendant, when he came to the intersection of Macomb and Beaubien streets, in disregard of the traffic signal, ran the light.    Traffic on Beaubien street, a south-bound traffic street, at this point was moving.    Horns were blown by the drivers of motor vehicles on this street.    Plaintiff says defendant was, at the time plaintiff was struck, moving 45 to 50 miles an hour.    Defendant says he was driving 15 or 20 miles an hour.    A disinterested witness places the speed of defendant's automobile at from 30 to 35 miles an hour.    The proof shows defendant stepped on the accelerator as he came to the intersection and swerved to the north to pass other automobiles standing on Macomb street and then southward to avoid collision with the south-bound traffic on Beaubien street.    He was utilizing free wheeling, coasting through the traffic without immediate control over the speed of his automobile, except by its brakes.    Plaintiff was past the center of Macomb street, going north when defendant's automobile came across the intersection,

swerving north and then south. Plaintiff, seeing he was likely to be hit, and trying to avoid being seriously injured, threw himself backward and got his body out of the way of defendant's oncoming automobile. He fell to the pavement, his legs were run over and broken, and he was otherwise injured. Plaintiff sued defendant to recover damages occasioned by reason of defendant's negligence. The case was tried before the court without a jury, and judgment of $2,350 and costs rendered in favor of plaintiff and against defendant, from which defendant appeals, claiming plaintiff was guilty of contributory negligence because he saw defendant's automobile prior ·to the injury, and that plaintiff was guilty of contributory negligence in not observing and avoiding defendant's automobile, although defendant ran the signal light. The trial court held the question of plaintiff's contributory negligence was one of fact, and, under the proof, gave judgment for plaintiff.

This case is not like *Neeb* v. *Jacobson,* 245 Mich. 678, and *Molda* v. *Clark,* 236 Mich. 277. Plaintiff was on the crosswalk, where he had a right to be. He had a right to believe defendant would observe the traffic signal. Plaintiff was crossing the street as he had a right to cross it. Defendant ran the light in the business district of the city at a high rate of speed. The trial court held the question of plaintiff's contributory negligence was one of fact, and determined that fact from the evidence against defendant. In this conclusion we agree. *Travis* v. *Eisenlord,* 256 Mich. 264.

Judgment affirmed, with costs.

Clark, C. J., and McDonald, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.