SANDERSON v. BARKMAN.

1. MOTOR VEHICLES—DUTY TO DRIVE ON RIGHT-HAND SIDE.
    One driving automobile on public highway should drive on right-hand side of center of traveled portion thereof.

2. SAME—NEGLIGENCE—DRIVING ON WRONG SIDE.
    One who drives automobile on wrong side of road assumes liability for so doing.

3. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
    It is not contributory negligence, as matter of law, to stand on right-hand side of road.

4. SAME—STANDING ON RIGHT SIDE OF ROAD.
    One standing on right-hand side of road was not bound to anticipate that automobile driver would drive at excessive rate on wrong side.

5. SAME—DRIVING ON WRONG SIDE.
    It is incumbent on automobile driver driving on wrong side of road, in violation of statute, to show circumstances of such necessity, in action against him for personal injuries.

6. SAME—CONTRIBUTORY NEGLIGENCE.
    Where defendant was driving at high rate of speed on wrong side of road when he struck and injured plaintiff, who was standing on right side, question of plaintiff's contributory negligence was for jury, under circumstances, in action for said injuries.

Appeal from Saginaw; Martin (William H.), J. Submitted June 9, 1933. (Docket No. 79, Calendar No. 35,653.) Decided June 29, 1933.

Case by Carson A. Sanderson against Ed Barkman and another for personal injuries sustained when struck by defendants' automobile driven in an

alleged negligent manner. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed, and new trial granted.

*Clarence J. Brainerd* and *Ellis F. Wilson,* for plaintiff.

*Charles W. Cheeney,* for defendants.

POTTER, J. Plaintiff sued defendants to recover damages for injuries sustained by reason of defendants' negligence. Plaintiff was struck by defendants' automobile while he was standing on a public highway. Plaintiff was a witness in his own behalf. At the conclusion of his testimony, defendants moved for a directed verdict because of plaintiff's contributory negligence. Such verdict was directed. Plaintiff subsequently made a motion for a new trial, which motion was denied. Plaintiff appeals, claiming the court was in error in directing a verdict before plaintiff rested his case, before hearing the testimony of plaintiff's corroborating explanatory witnesses, in overruling plaintiff's motion for a new trial, in holding plaintiff was guilty of contributory negligence as a matter of law, and in holding plaintiff bound to see and anticipate the approach of traffic on the wrong side of the road, obscured from plaintiff's range of vision.

Plaintiff, just prior to the accident, was riding on a kerosene tractor coupled with a bean thresher, going south on the right-hand side of the traveled portion of trunk line highway M-47. Plaintiff left the tractor on the left side thereof, at a point two and one-third feet west of the center of the highway, having previously looked both ways and feeling assured of no danger, whereupon he was struck by

defendants' automobile on the wrong side of the highway, driven at a high rate of speed, not under control, by a driver who did not look or observe due care.

The rule is well settled that one driving an automobile upon a public highway should drive on the right-hand side of the center of the traveled portion of such road. One who drives on the wrong side of the road assumes the liability for so doing. Plaintiff was on the right side of the road and defendant was on the wrong side. It is not contributory negligence, as a matter of law, for plaintiff to be where he had a right to be. Contributory negligence cannot be imputed from plaintiff's failure to anticipate defendants' unlawful acts.

Plaintiff was not bound to anticipate defendant would drive at an excessive rate of speed on the wrong side of the highway. *Lawrence* v. *Bartling & Dull Co.,* 255 Mich. 580; *Wood* v. *Priborsky,* 259 Mich. 556; *Willis* v. *Tucker,* 261 Mich. 83; *Travis* v. *Eisenlord,* 256 Mich. 264.

If it was necessary for defendants to drive upon the wrong side of the highway, in violation of the provisions of the statute, it was incumbent upon defendants to show the circumstances of such necessity. The question of plaintiff's contributory negligence was for the jury. *Dreyfus* v. *Daronco,* 253 Mich. 235.

Judgment reversed. New trial granted.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.