MOQUIN *v.* NASTWOLD.

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — MAIL TRUCKS—TAXICABS—WRONG SIDE OF STREET.

In mail truck driver's nonjury action against taxicab owner for injuries sustained when northbound cab ran into left rear wheel of southbound 18-foot truck which had been facing west while at post-office loading dock and at speed of 6 or 7 miles an hour had gone some 40 feet and across center of 36-foot street where driver had observed cab about 250 feet away traveling at a high rate of speed, finding that cab driver was guilty of negligence and that plaintiff was free from contributory negligence as a matter of law or fact was sustained by evidence, since plaintiff was on the right side of the street and defendant on the wrong side.

Contributory negligence of plaintiff a question of fact for jury or for trial judge sitting without jury, see 2 Restatement, Torts, § 434, comments b, c; function of court in determining contributory negligence, § 476.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

   Contributory negligence cannot be imputed from plaintiff's failure to anticipate defendant's unlawful acts.

3. APPEAL AND ERROR—NONJURY CASE—CONTRIBUTORY NEGLIGENCE AS A MATTER OF FACT—EVIDENCE.

   In a nonjury action the Supreme Court should not hold a plaintiff was guilty of contributory negligence as a matter of fact where trial court did not so rule, unless his determination was contrary to the clear weight of the evidence.

4. AUTOMOBILES—MAIL TRUCK OPERATOR—CONTRIBUTORY NEGLIGENCE —EVIDENCE.

   In mail truck driver's action against taxicab owner for injuries sustained when speeding cab collided with left rear wheel of slowly-moving truck while latter was on its right side of street, evidence *held*, not to justify finding plaintiff guilty of contributory negligence as a matter of fact.

Appeal from Wayne; Richter (Theodore J.), J. Submitted November 9, 1945. (Docket No. 67, Calendar No. 43,191.) Decided January 7, 1946.

Case by Gilbert H. Moquin against Justin Nastwold for personal injuries sustained in an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Henry C. L. Forler,* for plaintiff.

*Edward N. Barnard,* for defendant.

BUSHNELL, J. On March 19, 1943, defendant Justin Nastwold was the owner of a taxicab which was being driven by his brother, William B. Nastwold, in a northerly direction on Fifteenth street in the city of Detroit, towards the Michigan Central depot, opposite the Roosevelt Park Annex Post Office located on the east side of Fifteenth street, north of Marantette. Plaintiff Gilbert H. Moquin, a United States mail carrier, was on the day in question driv-

ing a Government mail truck in a southerly direction on Fifteenth street, north of Marantette, having just left the loading dock of the post office. Nastwold's taxicab ran into the left rear wheel of the truck, as a result of which Moquin was injured.

Fifteenth street, south of Marantette, angles to the east about 45 degrees. North of the intersection of Marantette it runs approximately north and south and is about 36 feet wide from curb to curb. The post office building, located on the northeast corner of Marantette and Fifteenth, has a well or loading dock about 11 feet in depth, recessed in the northerly portion of the west side of the building. It is divided into a number of loading stalls; and just before the accident in question the truck, driven by Moquin, occupied stall 43, being the fifth from the south.

Moquin claimed that when seated in the truck he could see down Fifteenth street toward Marantette, and that before leaving the dock he made an observation in both directions before proceeding into Fifteenth and that there were no approaching vehicles. His observation to the south was about 200 feet and he could not see beyond the turn at Marantette. His truck was 18 feet long from bumper to bumper and was parked about 20 inches from the dock because of its overslung body. He therefore contended that the truck extended over the east sidewalk of Fifteenth a little over 8 feet. When he reached the center line of Fifteenth and while turning to the south, he observed defendant's taxicab about 250 feet away, traveling at about 40 miles per hour. Moquin was moving at the time at about 6 to 7 miles per hour. The driver of the taxicab testified that the truck came out from the loading dock right in front of him when he was just about two car lengths away.

The trial judge who heard the case without a jury visited the scene of the accident during the trial and concluded that the taxicab had a clear space of 30 feet in which to avoid the accident, and that the testimony of the driver of the cab, "that the truck pulled out from the loading platform in front of him when he was two car lengths away is utterly impossible and contradictory of his statement that the cab struck the rear wheel of the truck at the center of the street." The trial judge added that, as a result of a mathematical computation he made, in his opinion the cab, "must have been going at a high rate of speed or it would not have pushed that heavy truck the distance that it did; and if it were two car lengths away when the truck pulled out, the cab would have reached the truck in less than a second and the truck could not possibly have travelled a distance of 40 feet before it was struck." He concluded that defendant's driver was guilty of negligence and that plaintiff was free from any contributory negligence as a matter of law or fact. Judgment was entered in the sum of $800 for loss of wages, reduction in pay due to plaintiff's disability on account of the injuries, loss of pay for special delivery service, and other incidental expenses and for pain and suffering.

Defendant on appeal argues that plaintiff was guilty of contributory negligence as a matter of law and that the finding of the trial court is contrary to the clear weight and the great weight of the evidence.

Our examination of the testimony requires the same conclusion as that reached by the trial judge, *i.e.*, that the street was clear when Moquin started forward, and that, when he reached the center line after he had traveled a distance of approximately 40 feet and was making a turn to the south, he first

saw defendant's car about 250 feet away and approaching at a high rate of speed, and that there was nothing he could do except to continue on his way, for if he had stood still or backed up, the result would have been more disastrous. The testimony shows that the taxicab struck the left rear wheel of the truck when it was only six feet from the westerly side of Fifteenth in front of the underpass of the Michigan Central building, and that the force of the collision was so great that the truck was pushed up against a retaining wall which separates the railroad parking lot from the underpass.

Plaintiff was not guilty of contributory negligence as a matter of law. He was on the right side of the street, and defendant was on the wrong side. Plaintiff was where he had a right to be, and "contributory negligence cannot be imputed from plaintiff's failure to anticipate defendant's unlawful acts." *Sanderson* v. *Barkman,* 264 Mich. 152.

The case was tried without a jury and we should not hold that plaintiff was guilty of contributory negligence as a matter of fact, unless the determination of the trial judge was contrary to the clear weight of the evidence. *Stevenson* v. *Brotherhoods Mutual Benefit,* 312 Mich. 81, 90. This we cannot say.

The judgment is affirmed, with costs to appellee.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, North, and Starr, JJ., concurred.