MORSE *v.* BISHOP.

1. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS MAT-
   TER OF LAW—FAILURE TO MAKE PROPER OBSERVATION—VIOLATION
   OF LAW BY MOTORIST.

   Pedestrian was guilty of contributory negligence as a matter of
   law where he rapidly crossed easterly on north side of street
   46 feet from curb to curb at intersection with street 355 feet
   wide from curb to curb after having observed defendant's car
   at south side of wider street proceed northerly against red
   traffic light and without again making observation as to de-
   fendant's whereabouts before colliding with left side of de-
   fendant's vehicle which was plainly visible.

2. SAME—PEDESTRIANS—OBSERVATION.

   Before crossing a street, a pedestrian must (1) make proper ob-
   servations as to approaching traffic, (2) observe approaching
   traffic and form a judgment as to its distance away and its
   speed, (3) continue his observations while crossing the street,
   and (4) exercise that degree of care and caution which an ordi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur, Automobiles, § 450 *et seq.*

[1, 2] Colliding by pedestrian with side of automobile as contribu-
tory negligence. 25 ALR 1513.

[1, 2] Darting or stepping into path of automobile. 65 ALR 205;
113 ALR 549, 558.

[1, 2] Right of way at street or highway intersection as between
pedestrian and vehicle. 21 ALR 974, 976; 37 ALR 493, 498; 47
ALR 595, 599.

[1, 2] Statute or ordinance as affecting contributory negligence of
pedestrian at street crossing. 96 ALR 786.

[1, 2] Pedestrian's duty as regards looking for automobiles when
crossing street or highway. 79 ALR 1073.

[1, 2] Pedestrian's duty before crossing street, to look for auto-
mobiles approaching on intersecting street. 9 ALR 1248; 44
ALR 1299.

[1, 2] Reliance upon or disregard of traffic signal, sign, or warning,
as affecting liability for injury to pedestrian at street inter-
section. 164 ALR 8.

narily careful and prudent person would exercise under like circumstances.

Appeal from Wayne; Lyons (Willis L.), J., presiding. Submitted October 6, 1950. (Docket No. 65, Calendar No. 44,876.) Decided January 8, 1951. Rehearing denied March 1, 1951.

Case by Herbert Morse against Gordon W. Bishop for injuries sustained when struck by defendant's automobile. Judgment for plaintiff. Defendant appeals. Reversed.

*Harold W. Geddes,* for plaintiff.

*Clark C. Coulter (Victor H. Hampton,* and *C. W. McDonell,* of counsel), for defendant.

DETHMERS, J. Plaintiff's suit for damages for injuries sustained in a collision with defendant's automobile was tried by the court without a jury. From judgment for plaintiff defendant appeals, contending that plaintiff was guilty of contributory negligence as a matter of law.

Material facts, viewed in the light most favorable to plaintiff, are as follows: The accident occurred at the intersection of Davison and Oakland avenues in the city of Highland Park. Oakland is a north-and-south street, 46 feet wide from curb to curb, while Davison, running east and west, is at that point 355 feet wide from curb to curb. Plaintiff got off a southbound streetcar on Oakland avenue, a short distance north of the intersection. He walked to the sidewalk on the west side of Oakland and then walked south toward the intersection, during which time he saw defendant's automobile enter the intersection from the south on an amber light and continue north through the south service drive of Davi-

son avenue against a red light. It was just leaving the south service drive and proceeding north toward the plaintiff when he last saw it some 300 feet distant. When plaintiff reached the north side of Davison he turned east to cross Oakland and observed that the traffic light was amber and red against him. He waited until the light turned green and then proceeded at a fast walk or slow run across Oakland, running past 2 other pedestrians in the street. After plaintiff reached the east half of Oakland avenue the collision occurred between him and the left side of defendant's automobile. From the time of the last above-mentioned observation of defendant's car by plaintiff the latter did not again see it until the instant of the collision. Neither when he started across Oakland avenue nor at any time thereafter did plaintiff look south to see what had become of defendant's automobile.

Plaintiff cites *Travis* v. *Eisenlord,* 256 Mich 264, as authority for his contention and theory that he had a right to rely on the green light in his favor and upon the assumption that defendant would heed the red light against him, obey the law and stop, obviating any necessity on plaintiff's part for looking to see whether his assumption was well founded. An examination of the opinion in that case suggests that this Court's view that plaintiff therein was not guilty of contributory negligence as a matter of law by reason of his failure, as he entered the intersection under the protection of a green light, to look in the direction from which defendant was approaching may well have been predicated on the idea that, had plaintiff therein looked at that time and seen defendant approaching, he still would have had the right to assume that defendant was going to stop for the red light, and would not have been seasonably apprised by such observation of the fact that defendant was not going to stop. Distinguishable on the

facts, however, is the instant case in which plaintiff knew, from the last observation he did make of defendant's car, that it was crossing Davison avenue despite the red light against it. Whatever the construction to be placed upon the *Travis Case,* it is plain that in a subsequent case, *Boyd* v. *Maruski,* 321 Mich 71, the majority of this Court rejected the above contention of the plaintiff and held guilty of contributory negligence as a matter of law a plaintiff who crossed a street under protection of a green traffic light, but who, after seeing defendant's vehicle standing across the street to her right as if waiting for the red light against it, failed to make further observation of it while she continued across the street. In that case we said:

"Nonetheless even with the traffic light in her favor, she was bound to use such care as an ordinarily careful and prudent person would use in looking for approaching traffic. Under her own testimony plaintiff failed to make such observation, and in that respect she was guilty of negligence which was a proximate cause of her accident. * * *

"It was negligence as a matter of law for plaintiff to have continued crossing from the middle of Wyoming avenue to the point of the accident without making any further observation as to vehicular traffic approaching her from the north. Her failure to exercise such care resulted in her walking into the path of defendant's approaching vehicle."

Plaintiff's theory is equally exploded by the reasoning in our opinion in *Long* v. *Garneau,* 319 Mich 291, and its analysis of the cases cited therein, although in that case plaintiff's contributory negligence, as found by the Court, was not necessarily determined as a matter of law. In that case we said, pp 301, 309:

"But the pedestrian may be guilty of contributory negligence if he fails to take the precautions that

the law expects an ordinarily prudent person to take for his own protection and safety. An ordinance giving the pedestrian the right of way is not a 'guarantee' that a pedestrian may cross a street intersection, even with the green light, without looking to the right or to the left, walk into the side of a passing automobile plainly to be seen if the pedestrian had looked, and then avoid the conclusion that he is guilty of contributory negligence."

" 'Before crossing a street, a pedestrian must (1) make proper observation as to approaching traffic, (2) observe approaching traffic and form a judgment as to its distance away and its speed, (3) continue his observations while crossing the street, and (4) exercise that degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances.' *Malone v. Vining* (syllabus), 313 Mich 315."

The testimony in the instant case discloses that there was nothing to obstruct plaintiff's view. Had he looked as he was about to cross the street or at any time while he was crossing the west half of 46-foot Oakland avenue, he could have seen defendant's automobile approaching him and have been apprised that it was still doing what he knew it to be doing when he actually saw it last, *viz.*, continuing to cross Davison avenue in defiance of the red light. His failure to look and to see what was plainly there to be seen at a time and under circumstances when doing so would have enabled him to avoid the accident, render him guilty of contributory negligence as a matter of law barring recovery.

Judgment reversed, with costs in both courts to defendant.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.