ENGLE v RAWLISON

1. AUTOMOBILES—INTERSECTIONS—TRAFFIC CONTROL SIGNALS.

The trial court's finding in a nonjury trial for negligence involving an accident in an intersection which is adequately supported by a record that shows the defendant proceeded into an intersection unlawfully in the face of a red signal when the control signals were functioning properly, and that the plaintiff complied with the statute by noting that no vehicles were in the intersection before advancing on the green signal, established the defendant's liability (MCLA 257.612).

2. AUTOMOBILES—INTERSECTIONS—TRAFFIC CONTROL SIGNALS—NEGLIGENCE.

It was not incumbent on a plaintiff to prove himself free of negligence when a defendant asserts on appeal that a traffic light was yellow when he entered an intersection where such an assertion is not supported by the record, including defendant's own testimony at the trial.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 March 7, 1973, at Detroit. (Docket No. 13178.) Decided April 24, 1973.

Complaint by William R. Engle against Tomie Rawlison for damages resulting from personal injuries sustained in a collision between plaintiff's motorcycle and defendant's truck. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stewart, Lascoe, Donovan & Rancilio, P. C.,* for plaintiff.

*Giltner, Dickinson & Walsh, P. C.,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 735–757.
[2] 57 Am Jur 2d, Negligence § 288 *et seq.*

Before: J. H. GILLIS, P. J., and McGREGOR and
ADAMS,* JJ.

J. H. GILLIS, P. J. Plaintiff, William R. Engle,
brought this action to recover for personal injuries
sustained when his motorcycle collided with a
truck driven by defendant, Tomie Rawlison. A
nonjury trial resulted in judgment for plaintiff.
Defendant appeals of right.

At trial, plaintiff's evidence showed that, while
operating his motorcycle, he stopped for a red
traffic light for northbound vehicles on Van Dyke
at 15 Mile Road. When he saw the light had
turned green and that the intersection was clear,
he accelerated at a normal rate, traveled 10 feet
and struck the right rear portion of defendant's
truck, which, according to witnesses, had entered
the intersection from eastbound 15 Mile Road.

Defendant testified he entered the intersection
from that direction, but that the light for east-
bound traffic was green and did not change as he
proceeded through.

The trial judge, in resolving this obvious conflict
in testimony, found defendant entered the inter-
section unlawfully by proceeding in the face of
either a red or yellow light. Defendant challenges
that finding of fact and calls for clarification of the
relative duties of motorists approaching intersec-
tions where the flow of traffic is controlled by
signal lights.

MCLA 257.612; MSA 9.2312, provides, in part,
that:

"Vehicular traffic facing the [green] signal * * * may
proceed * * * through * * * [but] shall yield the right
of way to other vehicles and to pedestrians lawfully

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

within the intersection * * * at the time such signal is exhibited.

* * *

"Vehicular traffic facing the [steady yellow] signal shall stop before entering the nearest crosswalk at the intersection * * * but if such stop cannot be made in safety, a vehicle may be driven cautiously through the intersection.

* * *

"Vehicular traffic facing a steady red signal alone shall stop before entering * * * intersection * * * and shall remain standing until a green indication is shown."

Testimony at trial indicated the traffic control signals at the intersection in question were functioning properly at the time of this accident. Testimony at trial further indicated plaintiff complied with the above-quoted statute by first noting no vehicles were in the intersection before advancing on the green signal. See *Hansen v Batchelder,* 14 Mich App 627 (1968).

According to *Stillwell v Grubaugh,* 357 Mich 344 (1959), plaintiff had good reason to believe he was protected from traffic on eastbound 15 Mile Road by the red light showing for that direction when traffic on Van Dyke had a green signal. See also *Travis v Eisenlord,* 256 Mich 264 (1931). We conclude the finding by the trial judge that defendant proceeded in the face of a red signal adequately supported by the record. That finding establishes defendant's liability.

The trial court's alternative finding suggested the possibility that defendant entered the intersection on a steady yellow signal. MCLA 257.612, *supra,* states vehicular traffic must stop when facing such a signal unless such stop can not be made safely. Defendant, at trial, denied that the

signal for traffic on 15 Mile Road was yellow
during any of his course of travel through the
intersection. Defendant's present assertion on ap-
peal that the light was yellow is not supported by
the record, *including* his own testimony.[1] Even if
we were to now entertain this inconsistent claim,
it is clear from the record that no evidence shows
defendant to have *lawfully* entered the intersec-
tion on a yellow light *(i.e.,* when a safe stop cannot
be made). Furthermore, the assumption that the
light turned yellow *after* defendant had entered
lawfully on a green signal is not supported by any
of plaintiff's testimony, or his witnesses' testimony,
or any logical inferences drawn therefrom, and is
flatly contradicted by defendant's version of the

---

[1] On direct examination the following occurred:

"*Q.* * * * What color was it when you entered the intersection?

"*A.* The light was green for go.

*   *   *

"*Q.* Okay. Now, you started through that intersection with a green
light. Can you tell us what happened as you proceeded through that
intersection?

"*A.* As I proceeded through the intersection, which *I was the
distance of, I'll say, roughly 40 or 45 feet beyond the light when I
heard this bang noise.*" (Emphasis supplied.)

On cross-examination, the following transpired:

"*Q.* * * * Now, when you entered the intersection what color was
the light?

"*A.* The light was green.

*   *   *

"*Q.* You looked at the light and you saw that it was green?

"*A.* Yes.

"*Q.* You were watching it as you went through?

"*A.* Yes.

*   *   *

"*Q.* Did it change?

"*A.* I don't know. I imagine it did change, but *it didn't change while
I was going through.*

"*Q.* Are you sure of that?

"*A.* I'm sure.

"*Q.* What makes you so positive?

"*A.* I was watching the light." (Emphasis supplied.)

incident. In such a setting it was not incumbent on plaintiff to prove himself free of negligence and defendant's present claim that plaintiff should have yielded right of way need not be discussed.

We are satisfied the trial court correctly ruled. We find no error.

Affirmed. Costs to plaintiff.

All concurred.