BUCHHOLTZ v DEITEL

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—MOTOR VEHICLES—IN-
TERSECTIONS—TRAFFIC SIGNALS—ASSUMPTIONS.

A driver of a vehicle entering a clear intersection with the green
light has a right to assume that vehicles approaching the red
light at the intersection will observe the light and stop.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—MOTOR VEHICLES—IN-
TERSECTIONS—TRAFFIC SIGNALS—APPROACHING VEHICLES.

A driver of a vehicle who enters a clear intersection with the
green light without first ascertaining that traffic approaching
the red light will stop, is not guilty of contributory negligence
as a matter of law where he is struck by another vehicle, not
lawfully within the intersection, which is traveling at a high
rate of speed.

Appeal from Macomb, Edward J. Gallagher, J.
Submitted Division 2 November 13, 1974, at Lans-
ing. (Docket No. 18796.) Decided March 11, 1975.

Claim by Lawrence A. Buchholtz, individually
and as next friend of Victoria J. Buchholtz,
against Manfred J. Deitel for damages arising
from an automobile collision. Judgment for defend-
ant. Plaintiff appeals. Reversed and remanded.

*Green, Green, Adams & Siefer,* for plaintiff.

*Halsey, Halsey & Pommerening,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 354, 355.
8 Am Jur 2d, Automobiles and Highway Traffic §§ 735, 736.
Right of way at street or highway intersections as dependent upon
or independent of care or negligence. 136 ALR 1497.

Before: Bronson, P. J., and D. E. Holbrook and
V. J. Brennan, JJ.

V. J. Brennan, J. This action was brought by
Lawrence Arthur Buchholtz individually and as
next friend of his daughter, Victoria Jean Buch-
holtz, who was injured when the car she was
driving was struck by a car driven by defendant,
Manfred John Deitel. The case was tried in the
Macomb County Circuit Court before a judge sit-
ting without a jury. At the conclusion of all the
proofs, the trial judge rendered a verdict of no
cause of action in favor of defendant. It is from
this decision that plaintiff now appeals. Although
two issues are presented for our consideration, we
find it necessary to reach only one.

The facts in this case are fairly simple. Victoria
Buchholtz was driving an automobile owned by
her father west on Masonic Boulevard just east of
Groesbeck Highway. As Victoria approached the
intersection of Masonic Boulevard and Groesbeck
Highway, the traffic light located at the intersec-
tion turned from green to red, thereby requiring
the traffic on Masonic to stop. Victoria stopped her
car at the light and the driver of a green station
wagon also stopped for the light but in the left-
turn lane next to her. When the traffic light
turned green for the traffic on Masonic, Victoria
looked to her left for approaching traffic but could
not see too well because the station wagon next to
her blocked her view. She then looked to her right,
saw nothing and then looked back to her left. At
this time she observed that the station wagon had
started forward so she began to go through the
intersection. Before Victoria could make it
through, though, her car was struck by an automo-
bile being driven north on Groesbeck by defend-
ant. The evidence is clear, as the trial judge found,

that defendant was travelling at a high rate of speed and that he ran the red light. The evidence is also clear that defendant was not in the intersection at the time the light changed. Despite these facts, the trial judge rendered a verdict of no cause for action in favor of defendant because he found Victoria to have been contributorily negligent.

The trial judge's determination of contributory negligence was based on the fact that Victoria proceeded into the intersection when she got the green light without being able to see approaching traffic on her left. In basing his determination of contributory negligence on this fact, we believe the trial judge employed an erroneous legal standard. For, in essence, the trial judge's determination was based on his belief that, despite the fact that Victoria had the green light, she was required to assure herself that the traffic approaching from both directions on Groesbeck Highway would indeed stop before she could properly proceed. Such is not the law of our state. In *Travis v Eisenlord,* 256 Mich 264, 265–266; 239 NW 304 (1931), our Supreme Court stated:

"The court was wrong in holding that the plaintiffs were guilty of contributory negligence as a matter of law. If he were correct in so holding, it would mean that the driver of the plaintiffs' car must at his peril assume that the defendant would disobey the law and rush the red light. The contrary is true. He had a right to assume that the defendant understood the red signal and that he would not undertake to make the crossing until it had changed to green. If he had looked, as the court says he should have done, it is true that he would have seen the defendant approaching, but he would have had a right to rest on the assumption that defendant would stop before the red light and wait until it had changed. It was the duty of plaintiffs' driver to look

for the green light and to see the intersection was clear before attempting to cross, but he was not required to look to the right for the defendant, because he had good reason to believe that he was protected from danger in that direction by the red light."

This principle was reaffirmed by our Supreme Court in the case of *Stillwell v Grubaugh,* 357 Mich 344, 351; 98 NW2d 490, 493 (1959). The Court there said:

"While it is true that one cannot totally disregard the circumstances that exist at the time he approaches and enters an intersection that is governed by a traffic signal, he has good reason to believe he is protected from danger by the red light so far as traffic approaching the light. If one crossing with a green light cannot depend upon the safety the law affords him, but must wait each time to see whether the driver approaching the red light will observe the light and stop, he may find himself in a dangerous position, particularly if the light changes against him before he has completed his trip across the street."

It is clear, therefore, under these cases, that the operator of an automobile proceeding through an intersection controlled by a traffic signal is under no duty to make an independent determination as to whether the traffic approaching a red light will stop. In such a situation the operator of an automobile is not required to observe traffic approaching a red light to determine whether it is safe to proceed. The driver can justifiably rely on what all have come to expect—that traffic approaching a red light will stop. This being the case, it is clear that Victoria's act of proceeding into the intersection, despite the fact that she could not see all the traffic approaching the traffic signal from her left, was not contributorily negligent. The light had

turned green and, at the time she started forward, the intersection was clear. We are not, therefore, faced with a situation where the operator of an automobile proceeds into an intersection controlled by a traffic light and either strikes or is struck by an automobile already *lawfully within* the intersection. See MCLA 257.612(a); MSA 9.2312(a). From the testimony presented at trial it is clear that, when the light changed, defendant was approximately three car lengths away from the intersection and travelling at a high rate of speed. Under the facts here presented, we hold, as a matter of law, that Victoria was not contributorily negligent.

Furthermore, we can see no reason for remanding this case for a completely new trial. The facts as found by the trial judge establish defendant's negligence beyond peradventure. The trial judge specifically found that defendant was travelling at a high rate of speed and that he ran the red light at the intersection of Masonic Boulevard and Groesbeck Highway. Under these circumstances it is clear that defendant was negligent. *Engle v Rawlison,* 46 Mich App 422; 208 NW2d 223 (1973). The only issues that remain to be decided, therefore, are whether defendant's negligence was a proximate cause of plaintiff's injuries and, if so, the amount of damages to which plaintiff is entitled. We therefore remand the case to the trial court for such a determination.

Reversed and remanded.